Lampman *v.* Cochran.

[ALBANY SPECIAL TERM, July 26, 1853. *Harris,* Justice.]

LAMPMAN *vs.* COCHRAN.

A contract for the sale and purchase of land contained a stipulation by which each of the parties agreed to pay to the other the sum of $500, as liquidated damages, in case of a failure to perform the agreement. *Held,* that the $500 mentioned was to be regarded as liquidated damages, and not as a penalty; but that the parties only contemplated a total failure to perform by either. And the purchaser having entered upon the performance, by the payment of a part of the purchase money, it was *further held,* that his failure to perform as to the residue was only partial, and that he was liable only for the damages resulting from such partial failure.

THIS action was tried at the Greene circuit, in April 1853, before Mr. Justice WRIGHT. It appeared upon the trial, that, on the first day of December, 1851, the parties entered into an agreement, whereby the plaintiff was to sell to the defendant, and the defendant was to buy of the plaintiff, a farm. The price to be paid was $3100, of which $500 was to be paid in cash on the 15th of the same month, two notes were to be given for $500 more, and the balance was to be secured by bond and mortgage on the premises. The plaintiff was to convey the premises at the same time. The parties then agreed to and with each other "to pay one to the other, the sum of $500, as liquidated damages, in case, if one of the parties shall fail to perform said contract according to this instrument." On the written contract was indorsed a receipt of $100, as part pay-

ment of the $500 payable on the 15th of December. The plaintiff proved the tender of a warranty deed on the 15th of December, and that the defendant had not accepted it, or paid the balance of the $500, or executed the securities for the residue of the purchase money, according to the terms of the contract. Upon this evidence the plaintiff claimed to recover $500 as liquidated damages. The court held that the $500 was in the nature of a penalty, and offered to allow the plaintiff to take a verdict for nominal damages, which he declined to accept, and the plaintiff was nonsuited. The plaintiff having duly excepted to the decision, and judgment having been perfected, an appeal was brought to the general term.

*K. Miller*, for the plaintiff.

*H. Hogeboom*, for the defendant.

*By the Court*, HARRIS, J.   Whether a sum denominated liquidated damages by the parties to a contract shall be recoverable as damages, in case of a breach of the contract, or whether notwithstanding what the parties have said, it shall be treated as a penalty, is often a difficult question. The only criterion by which it can be determined is to ascertain, by referring to all the provisions of the contract, what was really intended by the parties. If they have in fact agreed upon the amount of damages which one shall pay to the other in case he shall fail to perform on his part, it is not the province of the court to say that this part of the agreement shall not be as obligatory as any other. In this case, I think the parties intended to relieve the court, if either should elect to rescind the contract altogether, from the necessity of ascertaining the damages he should be liable to pay. They agreed that $500 should be the amount of such damages, and this court would have had no right to exonerate the party in default from his liability for its payment. But this sum was only agreed upon as the damages, in case of an entire failure to perform the contract. There is no reason to believe that the parties intended to have this liquidation

of damages apply to any partial failure.  Thus, the plaintiff
bound himself to give a good warranty deed of the farm on the
15th of December.   Suppose the defendant had been ready to
perform on his part, but the plaintiff had refused to enter upon
the performance by giving the deed, the parties had agreed that
$500 was the amount of damages which the defendant should
recover for such a breach.   It would amount to a rescinding of
the contract altogether.   But suppose the plaintiff had execu-
ted the deed, and had afterwards failed to perform any of the
stipulations of the contract, as for example, not delivering pos-
session on the first of April, as he had agreed to do, is there
any thing in the agreement from which it can be inferred that
it was intended that he should pay for such a breach of his agree-
ment $500 ?   So if the defendant had wholly refused to perform
the contract, on his part, I think he must have been deemed to
have assessed the damages he was to pay for such refusal·at the
sum mentioned in the agreement.   But having entered upon
the performance by the payment of part of the purchase money,
however small a part it may be, his failure to perform is only
partial and he is only liable for the damages resulting from such
partial failure.   If this were not so, the more he should do
towards the complete performance of the agreement, the more se-
verely he would be punished for his failure to perform the rest.
If notwithstanding the payment of $100 on account of the pur-
chase money, he is still liable to pay the $500 as liquidated dam-
ages, he would be equally liable though he had paid $500, or
even $1000, on account of the purchase money.   There is noth-
ing in the terms of the contract which requires a construction
that would work out so unreasonable a result.   I agree with
the plaintiff's counsel that the $500 mentioned in the contract
is to be regarded as liquidated damages and not as a penalty,
but, on the other hand, I also agree with the defendant's counsel
that the parties only contemplated a total failure to perform,
and, as the defendant has entered upon the performance, this
provision of the contract is inapplicable to the breach shown.
The only remedy to which, in such a case, the plaintiff can re-
sort is, to insist upon a specific performance, or sue for the ac-

tual damages he has sustained. In such a suit the payment he has received, and which he is not liable to refund, might properly be taken into the account in estimating the damages which ought to be awarded to him by way of compensation for the partial failure of the defendant to perform his agreement. (*See Shute* v. *Taylor,* 5 *Metcalf,* 61 ; *Esmond* v. *Van Benschoten,* 12 *Barb.* 374.) I am of opinion, therefore, that the plaintiff was properly nonsuited, not because the parties had not fixed the damages to be recovered in case of a failure by either party to perform the contract, but because the proof showed only a partial failure of performance on the part of the defendant. For this reason, the judgment at the circuit should be affirmed.

[ALBANY GENERAL TERM, September 5; 1853. *Watson, Wright* and *Harris,* Justices.]