[No. 8419.   Department Two.   January 20, 1910.]

## H. A. P. MYERS, *Appellant*, v. H. F. RALSTON, *Respondent*.[1]

DAMAGES—LIQUIDATED DAMAGES—ACCEPTING PARTIAL PERFORMANCE —PENALTY. Liquidated damages of $500, for the vendee's failure to complete a purchase of lots for the agreed price of $2,400, cannot be recovered where the vendor accepted $1,000 for one of the lots and made deed therefor, and also $80 on account of damages sustained; especially where no actual damages were alleged or proved; as liquidated damages cannot be recovered after acceptance of part performance of the contract; and if the agreed sum was intended to cover a partial breach it would be a penalty and not recoverable.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 1, 1909, dismissing an action on contract, upon granting a nonsuit, after a trial before the court without a jury. Affirmed.

[1]Reported in 106 Pac. 474.

*S. A. Keenan,* for appellant.

*Charles E. Congleton,* for respondent.

CROW, J.—This action was commenced by H. A. P. Myers against H. F. Ralston, to recover liquidated damages arising out of the alleged breach of the following contract:

"It is hereby agreed by and between H. A. P. Myers and H. F. Ralston, both of Seattle, King county, Washington, as follows: Said Myers hereby agrees to sell to said Ralston and said Ralston agrees to buy, and does hereby buy of said Myers, the following real property, to wit: Lots four (4), five (5) and six (6) in block thirty-three (33), 2nd plat addition to West Seattle, King county, Washington, at the agreed price of $2,400, to be paid on or before June 1st, A. D. 1907. Said Myers agrees to furnish abstract for said property, and make said Ralston a good deed for same. If said Ralston fails to pay for said property by June 1st, 1907, then he agrees to pay said Myers in the sum of $500.

"Signed in duplicate this 3rd day of April, 1907.

"H. A. P. Myers,
"H. F. Ralston."

At the close of plaintiff's evidence, the trial court granted a nonsuit and dismissed the action. The plaintiff has appealed.

The only question before us is whether the nonsuit was properly granted. The appellant's evidence shows that, prior to the commencement of this action, the respondent paid him $1,000 for lot 4 and the north ten feet of lot 5, being part of the property described in the contract, which appellant thereupon conveyed to a third party at respondent's request; that thereafter appellant repeatedly tendered deeds to respondent for the remaining portion of the lots in the contract described, and demanded full payment of the remainder of the agreed purchase price; but that respondent failed and refused to make any further payment or to accept the deeds so tendered; and that, prior to the commencement of this action, respondent paid appellant $80 on account of damages sustained. Appellant's theory is that, upon re-

spondent's failure and refusal to fully complete the contract of purchase, appellant was entitled to $500 liquidated damages; that $80 only has been paid, and that he should now recover $420. He has not alleged any actual damages sustained by him resulting from the partial nonperformance of the contract by respondent, nor did he on the trial offer evidence of any such damages.

Conceding that the $500 was liquidated damages, and that respondent would have become liable in that sum for nonperformance of his contract to purchase, there was at least a partial performance by him. He paid $1,000 to appellant, who thereupon conveyed a portion of the lots. Where a contract stipulates the amount of liquidated damages to be paid by a party thereto, who fails to fully perform the same, upon his part, such damages are not recoverable for a partial default. Damages for partial nonperformance must be alleged and proven. Mr. Sutherland, in his work on Damages, § 296, in discussing liquidated damages and the effect of a partial performance, says:

"For the same reason that one sum cannot consistently be compensation alike for a total and partial breach, a stated sum made payable for the former cannot by construction be applied to any infraction after acceptance of part performance. In case of such a stipulation the stated sum is only recoverable upon the happening of the very event mentioned in the contract."

In *Shute v. Taylor*, 5 Met. 61, the supreme judicial court of Massachusetts said:

"But without going at large into the subject, one consideration, we think, is decisive, against recovering the sum in question as liquidated damages, namely, that here there has been a part performance and an acceptance of such part performance. If the parties intended the sum named to be liquidated damages for the breach of the contract therein expressed, it was for an entire breach. Whether divisible in its nature, or not, it was in fact divided by an offer and acceptance of part performance. It is like the case of an ob-

4—57 WASH.

ligation to perform two or more independent acts, with a provision for single liquidated damages for nonperformance; if one is performed, and not the other, it is not a case for the recovery of the liquidated damages. See Chitty, Contracts (5th Am. ed.), 863-868; *Hoag v. McGinnis*, 22 Wend. 163." See, also, 13 Cyc. 104; Sedgwick, Damages (8th ed.), § 415; *Lampman v. Cochran*, 19 Barb. 388; *Wibaux v. Grinnell Live-stock Co.*, 9 Mont. 154, 22 Pac. 492; *Raymond v. Edelbrock*, 15 N. D. 231, 107 N. W. 194. The $500 stipulated in the contract was liquidated damages for an entire and not a partial breach. If the parties intended it to apply to a partial breach also, it would then become a penalty instead of liquidated damages, and not enforceable. On the evidence before us, the appellant was not entitled to recover.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.