[No. 33625.  Department Two.  January 31, 1957.]

E. J. MELL, *Respondent and Cross-appellant,* v. WARREN N. WINSLOW, *Appellant,* ROBERT I. TENNEY, *Respondent.*[1]

[1]Reported in 306 P. (2d) 751.

*Foster & Foster* and *B. Franklin Heuston,* for appellant.

*O'Leary, Meyer & O'Leary,* for respondent and cross-appellant.

*Brodie & Fristoe,* for respondent.

OTT, J.—May 28, 1953, Warren N. Winslow executed to E. J. Mell, doing business as the Shelton Auto Loan Company, his promissory note in the sum of sixteen thousand two hundred dollars. The same day, he executed a chattel mortgage to secure the note on a used caterpillar tractor and a Hyster arch to match. Winslow having defaulted in the payment of the note, Mell commenced this action to recover the amount due and to foreclose the mortgage. Mell joined as a party defendant in the action Robert I. Tenney, doing business as the Tenney Truck & Tractor Company, who claimed a lien on the tractor for repairs and storage. Each of the defendants appeared and answered the complaint separately.

Paragraph No. 4 of the amended complaint alleged, in part, as follows:

"That on the 28th day of May, 1953, the defendant, Warren N. Winslow, *for a valuable consideration,* made, executed and delivered to the plaintiffs his certain promissory note . . ." (Italics ours.)

The defendant Winslow answered the amended complaint and, with reference to paragraph No. 4, alleged:

"Admits that on or about the 28th of May, 1953, this answering defendant executed a writing as in Paragraph No. IV set out *but specifically denies that the execution of said instrument was for a valuable or any consideration whatever and denies he is indebted to either or both plaintiffs on account thereof.*" (Italics ours.)

In paragraph No. 9, he further alleged:

"Admits that no payments have been made on said writing as alleged in Paragraph No. XI of said Amended Complaint *but denies that any sum is due either plaintiff by reason of said writing or that this answering defendant executed the same for any consideration whatever.* Denies that attorneys' fees in any amount are due from this defendant." (Italics ours.)

The defendant Tenney answered the amended complaint of plaintiff Mell, alleged an affirmative defense, and served and filed a cross-complaint. In his cross-complaint, Tenney claimed a possessory lien for his repair bill and storage and

prayed for judgment against both Mell and Winslow, and that his lien be foreclosed and adjudicated superior to the claim of plaintiff Mell.

The cause was tried to the court, and a single judgment entered as to both causes of action.

Upon Tenney's cross-complaint, the court awarded judgment jointly against Winslow and Mell for the repairs, and against Winslow only for the storage charges and attorneys' fees for foreclosing Tenney's possessory lien. The court declared the Tenney lien to be a superior lien upon the tractor to the extent of the repairs and attorneys' fees. Upon Mell's complaint, judgment was entered in favor of Mell and against Winslow for the full amount of the note, together with attorneys' fees. Both liens were ordered foreclosed. At the execution sale, Mell was the successful bidder. Subsequently, upon motion of Tenney, the court ordered the distribution of the proceeds of the sale.

Winslow has appealed from the entire judgment, in which appeal Mell and Tenney are respondents. Mell has appealed from the supplemental order with reference to the distribution of the proceeds of the foreclosure sale, in which appeal Tenney and Winslow are respondents. The parties will be referred to in this opinion as Mell, Winslow, and Tenney.

Winslow's principal assignment of error in the Mell action relates to the court's finding that the note and mortgage were executed for a valuable consideration, and that the court erred in awarding judgment against him in any amount in either the Mell or Tenney action.

Although the court made reference to the defense of failure of consideration in its memorandum opinion, we are unable to determine from the record before us whether the court, in the Mell action, considered any of the evidence presented by Winslow concerning this defense. The court's rulings throughout the trial concerning proof of failure of consideration indicated that it was sustaining the objection to the admissibility of such evidence for the reason that failure of consideration was not within the scope of

the pleadings. Many objections were made to the evidence by which Winslow attempted to establish partial or total failure of consideration. The court at first sustained objections to the admissibility, but finally ruled as follows:

" . . . but in the interest of getting the matter heard within a reasonable time I will permit the answer. I will reverse myself. I do feel that the pleadings are not in shape to properly admit this evidence, but go ahead."

We are of the opinion that, under these pleadings, the court, in the Mell action, should have admitted and considered all of the evidence concerning a total failure of consideration.

RCW 62.01.024 [*cf.* Rem. Rev. Stat., § 3415] provides:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

RCW 62.01.028 [*cf.* Rem. Rev. Stat., § 3419] provides:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

In the instant case, Mell alleged in paragraph No. 4 of the amended complaint that the note was given "for a valuable consideration." Having made this election to plead the issue of consideration, the issue was joined by a general denial. We have held that a general denial puts in issue any fact which tends to destroy the cause of action. *Ferris v. Blumhardt*, 48 Wn. (2d) 395, 400, 293 P. (2d) 935 (1956).

Paragraph No. 2 of the answer of Winslow is more than a general denial. It "specifically denies that the execution of said instrument was for a valuable or any consideration whatever and denies he is indebted to either or both plaintiffs on account thereof."

The negotiable instruments act does not require that failure or want of consideration, either partially or *in toto*, be affirmatively pleaded as a separate defense. The statute merely states that failure of consideration is a matter of de-

fense. The Winslow pleadings plainly asserted that such a defense was claimed.

We hold that the answer put in issue Winslow's defense of failure of consideration.

After considering the evidence upon Tenney's cross-complaint, the court specifically found that, during April, 1953, Mell delivered the tractor to Winslow for "inspection and examination only," and

"(3) That on or about the 7th day of May 1953, the defendant Winslow delivered to the defendant Tenney . . . a caterpillar tractor, . . . and requested an estimate of the cost of necessary repairs on the same. *That at said time said tractor was not in an operable state of repair.*

"(4) *That at the said time the said tractor was the property of the plaintiff E. J. Mell;* . . . That at said time the plaintiff Mell and defendant Winslow were negotiating for the sale to the defendant Winslow by the plaintiff Mell of the said D8 caterpillar tractor . . . *and the plaintiff Mell did thereafter attempt to sell to the defendant Winslow the said tractor conditioned upon the same being put in an operable condition;* that the said tractor was not at the time in an operable condition. *That said plaintiff Mell orally agreed to pay for the repairs.*

"(5) *That prior to May 28, 1953 plaintiff Mell orally agreed with the defendant Winslow to have the tractor repaired and put in operable condition and orally promised and agreed to pay the costs thereof;* that at that time the tractor was in the possession of the defendant Tenney for the purpose of making the said repairs and that *both the plaintiff Mell and the defendant Winslow* contemplated at the time of the said agreement that the defendant Tenney should make such repairs. . . .

"(7) That at the time the defendant Winslow was without funds to pay for the repairs to the said tractor and so advised the plaintiff Mell. Whereupon the plaintiff Mell orally told Winslow to have the tractor repaired and orally agreed that he, Mell, would pay therefor. *That the consideration for the said promise moving to Mell was the purchase by Winslow of the tractor in an operable condition* and the logging by Winslow of Mell's timber, using the said tractor. That thereafter the defendant Tenney proceeded with said repairs, the reasonable value of which is the sum of $3,-556.00.

"(8) . . . That said repairs have never been completed and said tractor has since been and is now disassembled." (Italics *ours*.)

The record before us amply supports all of the above findings of fact. These findings and the record conclusively establish:

(1) That Mell was the owner of a used tractor which required repairs to be used for Winslow's purposes;

(2) That Mell agreed to repair the tractor and make it operable, upon which condition being performed, Winslow agreed to purchase it;

(3) That Tenney estimated the cost of the necessary repairs at approximately three thousand dollars, and both Mell and Winslow agreed that Tenney should do the repair work;

(4) That on May 7, 1953, while the tractor was still the property of Mell, it was delivered to Tenney for repair;

(5) That, during the process of repair, Tenney found that the frame of the tractor was broken, which defect was not discoverable until he had dismantled the tractor, and that the additional cost of repair to make the tractor operable would exceed the original estimate by approximately two thousand dollars;

(6) That the additional repair was not authorized by either Mell or Winslow;

(7) That the repair of the tractor was never completed, and the tractor, at the time of trial, was disassembled and in an inoperable state of repair;

(8) That the mortgage and note were given after the date the tractor was delivered to Tenney for repairs, and after Mell had authorized the repair of the tractor and its delivery to Winslow when repaired;

(9) That the condition precedent, upon which the sale was contemplated, was never performed; and

(10) That the tractor was never delivered to Winslow in an operable condition.

Under these circumstances, was a sale of the tractor consummated between Mell and Winslow?

RCW 63.04.200 [*cf*. Rem. Rev. Stat., § 5836-19] provides, in part:

"Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer: . . .

"Rule 2. Where there is a contract to sell specific goods and the seller is bound to do something to the goods for the purpose of putting them in a deliverable state, the property does not pass until such thing is done."

■ In the Mell-Winslow contract for sale, Mell was "bound to do something [repair] to the goods [tractor] for the purpose of putting them [it] in a deliverable state." We have held that, under such circumstances, title to the property does not pass to the prospective purchaser and, hence, the sale is not consummated. *Stack v. Baird*, 171 Wash. 651, 19 P. (2d) 105 (1933).

■ Parol evidence is admissible to establish that a written instrument is not to become a binding obligation except upon the happening of a certain event. *Fleming v. August*, 48 Wn. (2d) 131, 134, 291 P. (2d) 639 (1955). The evidence was admissible to show that, until the condition precedent (of repair) had been performed, the note was not a binding obligation upon Winslow.

The conduct of Mell, subsequent to the execution of the note and mortgage, further supports Winslow's contention that there had not been a completed sale. The facts disclose that, while the tractor was in an unrepaired and inoperable condition, and while Mell retained the Winslow note and chattel mortgage, Mell gave a bill of sale on the tractor to the Murphy-Campbell Tractor Company of Tacoma. A further circumstance is that Mell did not file the chattel mortgage in the office of the county auditor.

Does the fact that Winslow obtained possession of the arch, removed it to Pacific county and used it for three days, leaving it upon Mell's property and asserting no claim of ownership thereto, render the failure of consideration partial rather than total?

■ The testimony of Mell is that there was one consideration of sixteen thousand two hundred dollars for both the tractor and the arch. When two or more articles are sold for a gross sum, and the purchase price is not apportioned to the individual articles, the contract is entire. *Darst v. Meduna*, 15 Wn. (2d) 293, 296, 130 P. (2d) 361 (1942). Where the condition precedent has not been performed as to one item of an indivisible contract, the consideration fails as to the entire contract. *McLawhon v. Briley*, 234 N. C. 394, 67 S. E. (2d) 285 (1951). See, also, *Dyer v. Middle Kittitas Irr. Dist.*, 25 Wash. 80, 64 Pac. 1009 (1901).

■ Our reading of the record convinces us that there was a total failure of consideration, and that the evidence preponderates against the court's finding No. 3 "that on the 28th day of May, 1953 the defendant Warren N. Winslow, *for valuable consideration*, made, executed and delivered to the plaintiff his certain promissory note in the principal sum of $16,200.00." (Italics ours.)

Winslow's principal assignment of error is that "The court erred in granting judgment against appellant [Winslow] in any amount." We hold that there was a failure of consideration and, hence, title to the tractor never passed to Winslow. Ownership of the tractor remained in Mell. Tenney's claim of lien arose out of an express or implied contract with Mell to repair the tractor. The record before us does not establish that Winslow agreed to pay Tenney. In the absence of an agreement, Tenney could not recover the storage and repair charges from Winslow.

In its findings Nos. 4 and 5 in the Tenney action, the court found, upon conflicting testimony, that Mell had agreed to pay Tenney's repair bill. The court's only finding with reference to Winslow in this regard was that it was satisfactory with Winslow for Tenney to do the repair work.

■■ The court weighed the evidence and entered its findings of fact contrary to the testimony of Mell. Such findings will not be disturbed on appeal unless the evidence preponderates against them. *In re Youngkin's Estate*, 48 Wn. (2d) 432, 294 P. (2d) 426 (1956).

We conclude that the findings are supported by the evidence, and they will not be disturbed.

■ In the Tenney action, the trial court concluded that Winslow was liable to Tenney for the repair bill, attorneys' fees, and storage charges. These conclusions are not supported by the findings. We have held that, where the conclusions of law are not supported by the findings or are inconsistent therewith, the findings will control. *Ferris v. Blumhardt, supra*, p. 400.

■ The attorneys' fees authorized by law in a lien foreclosure action must be assessed against the party "personally liable for any debt for which the lien is claimed." RCW 60.08.050 [*cf.* Rem. Rev. Stat., § 1157a]. Under the facts of this case, the only party personally liable was the owner, Mell, who authorized the repairs to be made. The court erred in concluding that attorneys' fees were recoverable from Winslow and in entering judgment accordingly.

■ With reference to the judgment against Winslow for the storage charges, the court's specific findings are as indicated above. The conclusion that Winslow is liable for the storage charges is not supported by the findings, for the reason that the findings specifically state that the condition precedent to effecting the sale had never been accomplished. Title to the tractor was at all times in Mell, and, under the facts of this case, liability for storage was never established as to Winslow.

The cause is remanded with instructions to dismiss Winslow from both proceedings. The order for distribution of funds becomes moot upon Winslow's dismissal. As so modified, the judgment is affirmed. Winslow will recover costs on appeal from Mell and Tenney.

HILL, C. J., DONWORTH, MALLERY, and WEAVER, JJ., concur.

---

March 21, 1957. Petitions for rehearing denied.