YOUNG ELECTRIC SIGN COMPANY, A NEVADA CORPO-
RATION, APPELLANT, v. BENJAMIN F. FOHRMAN,
DBA LEE HOTEL, RESPONDENT.

No. 5945

March 16, 1970                          466 P.2d 846

[Rehearing denied April 15, 1970]

*Lionel & Sawyer* and *George C. Abernathy,* of Las Vegas, for Appellant.

*Cromer & Barker,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Young Electric, the plaintiff below, appeals from a judgment entered in its favor contending that error occurred when the trial court declined to award the full amount of liquidated damages due under a sign rental agreement which the defendant, Fohrman, had breached. We agree with the contention of Young Electric and direct the district court to amend its findings and judgment in accordance with this opinion.

On May 27, 1963, Young Electric and Fohrman entered into a written agreement whereby Fohrman agreed to lease from Young Electric six signs to be installed on Fohrman's Lee Hotel, for a period of sixty months at a rental of $200 per month plus Nevada sales tax. Fohrman paid Young Electric $1,000 as security for his performance of the agreement. A

dispute arose between them, and Fohrman refused to pay rent. Young Electric filed this action in February 1964 claiming default in the payment of rentals and requesting liquidated damages under the agreement in the sum of $9,472.34, interest thereon, attorneys' fees of $3,500 and costs.

On June 9, 1964, more than three and one half months after commencement of suit and several weeks after the answer to the complaint was filed alleging fraudulent misrepresentations as the basic defense, a storm in Las Vegas caused the largest of the six signs on Lee Hotel to fall and be destroyed. Young Electric did not replace the sign. Fohrman continued to use the other five signs and was using them at the time of trial.

The trial court made the following relevant findings: Fohrman's defense that Young Electric was guilty of misrepresentations which induced Fohrman to enter into the agreement was not established; that Young Electric performed all terms of the agreement on its part to be performed; that Fohrman breached the agreement by failing to pay rent; that Young Electric was entitled to the full monthly rentals unpaid, $1,200, plus sales tax of $24; that Young Electric would be entitled to liquidated damages of 75 percent of the monthly rental for the remaining 54 months, but because of the destruction of the large sign on June 9, 1964, Young Electric should receive such liquidated damages only for the period from the end of February 1964 to June 9, 1964, in the sum of $490 plus sales tax of $9.80. The latter finding was based upon the trial court's belief that the destruction of the large sign on June 9, 1964, caused a failure of consideration and precluded an award of liquidated damages to Young Electric for any period after that date. It is this finding and conclusion to which the appeal is directed. Young Electric unsuccessfully sought to amend that finding and alter judgment by appropriate motion to the trial court.

The relevant provisions of the sign rental agreement are quoted in the footnote.[1] Young Electric's duty to maintain the signs and rebuild in the event of destruction existed only if the lessee was not in material default. The lessee's material breach in failing to pay rent excused further performance by the lessor.

---

[1] "(g) . . . . In the event of the destruction of or substantial damage to the SIGN, under the conditions other than as in this paragraph heretofore provided, Lessor shall have the option of rebuilding the SIGN and extending the time as may be required to so rebuild the SIGN, or at its option, to end the term of this agreement.

"(h) In the event of failure of Lessee to pay any installment of the rental called for hereunder at the time provided, Lessor shall have the right to terminate this agreement and, in addition, to repossess the SIGN. Repossession shall not be construed to be an acceptance of a surrender of this lease, and neither termination nor repossession shall

Rest. of Contracts (1932) § 397. The agreement required the lessor to construct and erect certain signs and required the lessee to pay rent for them. The lessor performed its duty and the lessee breached his. Such a material breach by one party entitles the other to total damages therefor. Walker & Co. v. Harrison, 81 N.W.2d 352 (Mich. 1957).

Here, the lessee agreed that in case of his default in the payment of rent, he would pay lessor forthwith liquidated damages of "three-fourths of the balance of the rental payable." This negated any implication of failure of consideration occurring thereafter. Lessor, upon lessee's default, had the immediate right to repossess the sign and, in addition, to collect liquidated damages for the remainder of the contract term. The subsequent accidental destruction of the sign can no more be called a failure of consideration than the intentional repossession of the same. The result is the same in both cases. The lessee is deprived of his use of the sign and is liable for the payment of liquidated damages.

We remand this case to the district court and order that the findings and judgment be amended so as to award Young Electric liquidated damages from February 1964 to the end of the lease term, together with interest thereon. That court shall reconsider its award of counsel fees in the light of the amended judgment which we have ordered.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

deprive Lessor of the right to recover unpaid rentals and damages for Lessee's breach of this agreement.

"(i) It is agreed by the parties hereto that the SIGN is of special construction made for the uses and purposes of Lessee and no other, and that except for use by Lessee the SIGN has no value. Lessee agrees that in the event he shall be in default in the payment of rental when due, or shall fail to perform any other of his obligations hereunder, he shall be indebted to, and hereby agrees to pay to Lessor forthwith, in addition to the full rental for such time as Lessee retains possession of the SIGN, liquidated damages for his breach hereunder in an amount equal to three-fourths of the balance of the rental payable hereunder, whether the same may be due or not. The parties hereto agree that in such event, the said three-fourths of the balance of the rental payable hereunder is and will be fair and reasonable compensation for the damage to Lessor arising from such breach by Lessee. . . . The agreement to pay such liquidated damages shall be in addition to any other remedy given Lessor herein or by law. In the event this agreement is placed by Lessor in the hands of an attorney after default for enforcement or collection, Lessee will pay a reasonable attorney's fee."