[No. 6094–2–III. Division Three. March 12, 1985.]

HARVIE R. BALDWIN, ET AL, *Respondents,* v. NATIONAL SAFE DEPOSITORY CORPORATION, ET AL, *Appellants.*

*Thomas H. Brown* and *Clausen & Brown,* for appellants.

*Jay Leipham, Richard L. Sayre,* and *Underwood, Campbell, Brock & Cerutti, P.S.,* for respondents.

MUNSON, J.—Harvie and Bruce Baldwin, d/b/a Baldwin Leasing Co., leased four signs to National Safe Depository Corporation. The lessee was dissatisfied with three of the signs, and failed to make rental payments. After extensive negotiations, Baldwin Leasing commenced suit seeking to enforce the liquidated damages clause of the lease. The jury returned a verdict indicating National Safe was entitled to revoke acceptance on some of the signs; therefore Baldwin Leasing was entitled only to a portion of the liquidated damages. The jury's verdict also indicated Baldwin Leasing had breached certain warranties on the remaining signs; therefore National Safe was entitled to an offset for the reduction in value of those signs.[1]

National Safe appeals, contending: (1) this is not a proper case for liquidated damages, and (2) evidence of certain negotiations should have been admitted. We affirm.

National Safe first contends liquidated damages are not

---

[1]The jury returned a verdict of $34,071.45 for Baldwin Leasing, less a reduction in rental of $4,651.55 for National Safe, for a total award of $29,419.90. Baldwin Leasing had asked for approximately $80,000.

available where the contract is entire, not severable, and both parties are in breach. If the most important part of the seller's performance is to occur prior to the commencement of monthly payments by the buyer, then the contract is entire, not severable. *Baffin Land Corp. v. Monticello Motor Inn, Inc.,* 70 Wn.2d 893, 425 P.2d 623 (1967) (lease–option agreement wherein lessor was to deliver and install television sets before lessee was to commence rental payments). Also, where there is one consideration for the purchase of two pieces of equipment and the purchase price is not apportioned, the contract is entire. *Mell v. Winslow,* 49 Wn.2d 738, 306 P.2d 751 (1957). Here, lease payments were to commence after installation of the four signs. The monthly rental was to be a lump sum, not apportioned between the signs. At trial, Baldwin Leasing introduced an exhibit showing the rental breakdown for each sign, but there is no evidence this was ever previously shown to National Safe. Nor was there any contention the lease was not integrated. The contract was indivisible as a matter of law.[2]

However, that conclusion does not end the inquiry. The issue is whether liquidated damages may be apportioned when the plaintiff has partially breached the con-

---

[2]National Safe argues instructions 18 and 20 directed the jury to find the contract was divisible, *i.e.,* one sign equaled one commercial unit. Instruction 18 correctly paraphrases RCW 62A.2–105(6). Instruction 20 does not mandate a finding of severability.

Both parties assume the Uniform Commercial Code applies to this lease transaction. In dicta, RCW 62A.2 has been denoted as applying to an operating lease, as opposed to a finance lease. *Baker v. Seattle,* 79 Wn.2d 198, 484 P.2d 405 (1971); *Equico Lessors, Inc. v. Tow,* 34 Wn. App. 333, 661 P.2d 597 (1983). Here, the lease was an operating type; that is, the lessee relied on the lessor's expertise, as a buyer would rely on a seller, and the lessor was in a position to control the equipment. *Equico Lessors, Inc. v. Tow, supra.* Therefore we will also assume the U.C.C. applies. Interestingly, National Safe, which is arguing the four signs constituted one commercial unit, attempted to revoke acceptance of fewer than all of the signs. "Acceptance of a part of any commercial unit is acceptance of that entire unit." RCW 62A.2–606(2).

tract, irrespective of any severability analysis.[3]

RCW 62A.2–718[4] does not address this precise issue. The only applicable Washington case cited is *Myers v. Ralston,* 57 Wash. 47, 106 P. 474 .(1910). That case holds only that once a seller accepts part performance of a contract, to recover liquidated damages would constitute a penalty. The plaintiff–seller in *Myers* did not breach the contract.

The majority rule is a plaintiff cannot recover liquidated damages for a breach to which he has contributed, and there can be no apportionment of liquidated damages where both parties are at fault. 22 Am. Jur. 2d *Damages* § 233, at 319 (1965); 25 C.J.S. *Damages* § 115, at 1090–91 (1966). This rule has been attributed to early judicial hostility to privately agreed upon contract remedies. *E.C. Ernst, Inc. v. Manhattan Constr. Co.,* 551 F.2d 1026, 1038 (5th Cir. 1977), *cert. denied,* 434 U.S. 1067, 55 L. Ed. 2d 769, 98 S. Ct. 1246 (1978). *See also S.O.G.–San Ore–Gardner v. Missouri Pac. R.R.,* 658 F.2d 562 (8th Cir. 1981) (too difficult to delineate fault); *Brecher v. Laikin,* 430 F. Supp. 103 (S.D.N.Y. 1977) (no legal authority cited to allow apportionment); *Midstate Hauling Co. v. Watson,* 172 So. 2d 262 (Fla. Dist. Ct. App. 1965) (inequitable to permit one who caused breach to recover liquidated damages).

On the other hand, *Aetna Cas. & Sur. Co. v. Butte–Meade Sanitary Water Dist.,* 500 F. Supp. 193 (D.S.D. 1980) sets forth cogent reasons why apportionment should be allowed in certain circumstances. That case, brought

---

[3]In upholding the liquidated damages clause, the court agreed with Baldwin Leasing that actual damages would be difficult to prove because the custom–made National Safe signs would only have salvage value to Baldwin Leasing. *Accord, Mosler v. Woodell,* 189 Wash. 583, 66 P.2d 353 (1937) (damages for breach of contract for installation of neon sign difficult to ascertain; therefore, liquidated damages clause upheld).

[4]RCW 62A.2–718 states in part:

"(1) Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty."

under federal diversity jurisdiction, involved construction delays caused partially by the contractor and partially by the owner. The court noted South Dakota had not addressed the issue and looked to other jurisdictions. It examined cases on both sides of the issue and indicated difficulty of proof is a reason often given against apportionment. *E.g., State ex rel. Smith v. Jack B. Parson Constr.,* 93 Idaho 118, 456 P.2d 762 (1969); *Haggerty v. Selsco,* 166 Mont. 492, 534 P.2d 874 (1975); *L.A. Reynolds Co. v. State Hwy. Comm'n,* 271 N.C. 40, 155 S.E.2d 473 (1967).

> We do not disagree with the difficulty of the task, but recovery should not be barred in every case by a rule of law that precludes examination of the evidence.

*Aetna Cas. & Sur. Co. v. Butte–Meade Sanitary Water Dist., supra* at 197 (quoting *E.C. Ernst, Inc. v. Manhattan Constr. Co., supra* at 1039). *Accord, Jasper Constr., Inc. v. Foothill Junior College Dist.,* 91 Cal. App. 3d 1, 153 Cal. Rptr. 767 (1979). *See also Robinson v. United States,* 261 U.S. 486, 67 L. Ed. 760, 43 S. Ct. 420 (1923).

Here undue difficulty of proof was not a problem. Baldwin Leasing presented unrefuted evidence of the monthly rental for each of the four signs. Liquidated damages were defined in the contract as all unpaid past due rentals plus 80 percent of all unexpired rentals. National Safe's offset for breaches of warranties by Baldwin Leasing was also calculated by this formula. As here, where actual damages would be difficult to prove and the jury was presented with an adequate basis for allocating the contractual measure of damages to the respective parties, we find no reason to deny apportionment. The jury's verdict represents a just approximation of the damage to each party. We find no error.

National Safe also contends the court abused its discretion in refusing to admit evidence of precontract negotiations regarding locations for the signs. The court upheld the lease's integration clause, and stated the only possible purpose of the evidence would be to show fraud, mistake or misrepresentation. The court ruled that since no such cause

of action was pleaded, the evidence would be unduly prejudicial. The court further ruled it would allow testimony regarding the background leading to the agreement, but nothing inconsistent with the agreement. The court stated the jury could hear a sign was not readable, but not that it should be in a different location. National Safe insisted the evidence was only offered to prove background, not to contradict the lease.

It is true the trier of fact may consider the circumstances surrounding the execution of an agreement. *Spokane Helicopter Serv., Inc. v. Malone,* 28 Wn. App. 377, 623 P.2d 727, *review denied,* 95 Wn.2d 1020 (1981). However, parol evidence is inadmissible to vary the terms of an unambiguous, integrated agreement in the absence of a claim of fraud or mistake. *Olsen Media v. Energy Sciences, Inc.,* 32 Wn. App. 579, 648 P.2d 493, *review denied,* 98 Wn.2d 1004 (1982); *Spokane Helicopter Serv., Inc. v. Malone, supra.* Here, the testimony clearly would have been at variance with the lease terms. The court allowed Baldwin Leasing to present background testimony, but there is no indication it contradicted the lease. The court did not abuse its discretion.

Baldwin Leasing had cross–appealed the denial of attorney fees incurred for trial, and then took a voluntary dismissal. Under the terms of the lease, Baldwin Leasing, as the prevailing party, is entitled to attorney fees on appeal. RCW 4.84.330; RAP 18.1. We have considered the factors set forth in DR 2–106 of the Code of Professional Responsibility and counsel's affidavit reflecting hours devoted to this appeal. We award attorney fees in the amount of $3,200. However, Baldwin Leasing's attorney is ordered to pay $250 to the court as a sanction for failure to comply with RAP 18.1, *i.e.,* not filing his affidavit 7 days prior to oral argument.

Without assigning error, National Safe requests us to award it attorney fees for trial. We will not consider the issue. RAP 10.3(a)(3).

The judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Reconsideration denied April 15, 1985.

Review denied by Supreme Court June 21, 1985.