(836 P.2d 1201)

No. 67,374

LUMINOUS NEON, INC., *Appellee,* v. RITA M. PARSCALE and RAW-
HIDE ENTERPRISES OF KANSAS, INC., *Appellants.*

—

Opinion
filed July 17, 1992.

*Dwight J. Parscale,* of Topeka, for appellants.

*Bradley D. Dillon,* of Gilliland & Hayes, P.A., of Hutchinson, for appellee.

Before BRAZIL, P.J., ELLIOTT, J., and JOHN J. BUKATY, JR., Dis-
trict Judge, assigned.

BRAZIL, J.: Rita M. Parscale and Rawhide Enterprises of Kan-
sas, Inc., (Parscale) appeal from the district court's grant of sum-
mary judgment in favor of Luminous Neon, Inc. Luminous Neon
filed suit against Parscale, seeking liquidated damages in accor-
dance with a lease between the parties. On appeal, Parscale
contends that the liquidated damages clause constitutes a penalty
and is consequently unenforceable, the doctrine of impractica-
bility should release her from the lease, and Luminous Neon has
been unjustly enriched by the court's ruling. We affirm.

The facts are not largely in dispute. Parscale leased two custom-
designed outdoor advertising signs from Luminous Neon. Parscale
used the signs for her recently opened restaurant business in
Topeka. Under the terms of the lease, Parscale paid $191.75 plus
tax per month. The lease expired after five years. Sometime after
Parscale leased the signs, the City of Topeka commenced con-
struction on 21st Street that limited access to Parscale's business.

That construction had an adverse effect upon Parscale's business, and the enterprise was subsequently closed. Parscale stopped making payments on the signs after making a total of 19 payments.

Under the liquidated damages clause of the lease, Parscale was liable to Luminous Neon for damages equal to 80 percent of the remaining payments due. That 80 percent represented Luminous Neon's expenses incurred in manufacturing, financing, and installing the signs, as well as profit. The 20 percent of the remaining payments that was not included as liquidated damages was for maintenance and service expenses that will not be incurred due to Parscale's breach.

Forty-one monthly payments of $191.75 remained due and payable, resulting in liquidated damages, including tax, of $6,651.04. Luminous Neon removed the signs from Parscale's business following her request to do so. The removal added another $300 for a total of $6,951.04. The district court granted Luminous Neon's motion for summary judgment and awarded the company $6,951.04.

Parscale contends the court erred in granting summary judgment because a material fact existed relating to the liquidated damages claim of Luminous Neon. She argues that Luminous Neon's offer, made at the outset of negotiations between the parties, to sell the sign for $5,600 plus tax reveals that the liquidated damages were unreasonable.

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. [Citations omitted.] When a summary judgment is challenged on appeal, an appellate court must read the record in the light most favorable to the party who defended against the motion for summary judgment." *Patterson v. Brouhard*, 246 Kan. 700, 702, 792 P.2d 983 (1990).

The district court ruled appropriately in this case. "The question of the propriety of liquidated damages is a question of law for the trial court." *Kvassay v. Murray*, 15 Kan. App. 2d 426, Syl. ¶ 1, 808 P.2d 896, *rev. denied* 248 Kan. 996 (1991). "This court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

Parscale challenges, in a variety of ways, the reasonableness of the liquidated damages. The contention that only the original sale price of the signs constitutes reasonable damages is not persuasive. There are advantages and disadvantages to be weighed when one considers leasing rather than purchasing an item. However, when one chooses to lease an item and then breaches that lease, it is unreasonable to believe damages should be based upon values attendant to a purchase of that item.

By leasing rather than purchasing, Parscale avoided financing charges, insurance, repair, and maintenance expenses. Luminous Neon agreed to maintain the signs during the term of the lease.

The general rule is that courts will "refuse to enforce a liquidated damage provision which fixes damages in an amount grossly disproportionate to the harm actually sustained or likely to be sustained, and under certain circumstances indicative of gross disproportion," such a provision will be deemed a penalty. 22 Am. Jur. 2d, Damages § 701, p. 758.

Our research indicates the particular facts of this case have not been addressed by Kansas appellate courts. There is, however, case law from other jurisdictions that supports the manner in which liquidated damages were determined in this case. See, e.g., *Bassett v. Claude Neon Federal Co. of Kansas*, 65 F.2d 526, 527 (10th Cir. 1933) (On appeal from District Court of the United States District of Kansas, the Court upheld stipulation for liquidated damages for 75 percent of the balance of installments. "The amount stipulated for was not disproportionate to the actual loss suffered, and there was no showing of fraud, circumvention, or oppression. The repossessed signs had no substantial salvage value."); *Young Electric Sign Company v. Capps*, 94 Idaho 518, 523, 492 P.2d 57 (1971) (In an action by a sign company seeking to recover from lessees for breach of sign rental contract, it was held that damages would be computed by establishing the total unpaid monthly rentals minus the saved monthly expenses of maintenance. "Since the saved expenses amount to less than 20% of the total monthly rental fee, leaving about 80% as actual lost revenue occasioned by the breach, the 75% liquidated damages provision is eminently reasonable compared to the damages actually sustained."); *Young Electric Sign Co. v. Fohrman*, 86 Nev. 185, 188, 466 P.2d 846 (1970) (Nevada Supreme Court upheld

liquidated damages clause where the lessee had agreed that in case of his default in the payment of rent, he would pay lessor liquidated damages of 75 percent of the balance of the rental payable.); *Baldwin v. National Safe*, 40 Wash. App. 69, 73, 697 P.2d 587 (1985) (In an action by lessor of signs to recover rental payments from lessee, provision in lease specifying liquidated damages of all unpaid past due rentals plus 80 percent of all future rentals was properly used as basis for apportionment of damage, notwithstanding plaintiff's partial breach.).

Luminous Neon custom designed the signs specifically for Parscale, and, notwithstanding her argument to the contrary, we are not persuaded that the signs are of particular value to Luminous Neon. Moreover, the trial court awarded the signs to Parscale.

The district court properly ruled as a matter of law that the liquidated damages were appropriate. The damage clause of the lease was not a penalty, and the award did not unjustly enrich Luminous Neon. Because there was no dispute regarding any material issue of fact, the court's entry of summary judgment should not be disturbed.

Next, Parscale contends that the doctrine of impracticability of performance applies to this case and consequently she should be excused from her obligations under the lease. Specifically, Parscale asserts that she should be excused from the lease because the City of Topeka closed 21st Street for construction, which made access to Parscale's business difficult. Her business suffered as a consequence, and she was eventually forced to close the establishment.

"Whether a party should be excused from its obligations under a contract because of impossibility or impracticability of performance is a question of law." *Sunflower Electric Coop., Inc. v. Tomlinson Oil Co.*, 7 Kan. App. 2d 131, Syl. ¶ 1, 638 P.2d 963 (1981), *rev. denied* 231 Kan. 802 (1982). "This court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d at 674.

As a general rule, difficulty or improbability of accomplishment without financial loss will not release a party from a contract. Though compliance may become a hardship, that will not excuse a party from contractual obligations that are possible and lawful. See 17A Am. Jur. 2d, Contracts § 669.

This court has held:

"To excuse performance, impracticability must be objective as opposed to subjective. When one agrees to perform an act possible in itself he will be liable for a breach thereof although contingencies not foreseen by him arise which make it difficult, or even beyond his power, to perform and which might have been foreseen and provided against in the contract." *Sunflower Electric Coop., Inc. v. Tomlinson Oil Co.*, 7 Kan. App. 2d 131, Syl. ¶ 4.

This court has also noted that a distinction exists between impracticability that is subjective and that which is objective: subjective impracticability being, "I cannot do it"; objective impracticability being, "the thing cannot be done." 7 Kan. App. 2d at 139. Only objective impracticability may serve to relieve a party of his or her obligation.

The present case is one of subjective impracticability. Parscale could no longer afford to operate her business due to road construction or some other reason. It is not sufficient merely that the business suffered. See also *White Lakes Shopping Center, Inc. v. Jefferson Standard Life Ins. Co.*, 208 Kan. 121, 490 P.2d 609 (1971) (Where the alleged impossibility was that more financing was needed for a construction project than had previously been agreed to in a loan commitment, the impossibility was subjective.); *Wichita Properties v. Lanterman*, 6 Kan. App. 2d 656, 633 P.2d 1154 (1981) (Inability to obtain liquor license from the State was subjective impossibility to perform.).

In addition, it cannot be said that road construction within Topeka is an unforeseeable event. Certainly, Parscale was aware that such an eventuality might take place. It was incumbent upon Parscale to safeguard her position in the terms of the lease.

If impossibility existed in this case, it was subjective only. The district court's grant of summary judgment was appropriate.

Affirmed.