NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IRENE MICHELLE SCHWARTZ-
TALLARD,

Plaintiff-Appellant,

v.

HSBC BANK USA, NATIONAL
ASSOCIATION; WELLS FARGO BANK,
N.A.,

Defendants-Appellees.

No.   19-17151

D.C. No.
2:17-cv-02328-RFB-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted June 8, 2021[**]
Seattle, Washington

Before:  GILMAN,[***] GOULD, and MILLER, Circuit Judges.

Irene Schwartz-Tallard appeals the district court's grant of summary

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

judgment on her quiet title, breach of contract, and intentional infliction of emotional distress claims against HSBC Bank, USA, N.A. and Wells Fargo Bank, N.A. (collectively, Defendants). Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in granting summary judgment on Schwartz-Tallard's quiet title claim. By her own admission, Schwartz-Tallard has not made mortgage payments since 2009. She cannot demonstrate superior title to the property. *Cf. Res. Grp., LLC v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 159 (Nev. 2019) (titleholder could not show superior title because it did not meet its burden of showing that it paid delinquent fees).

Nor did the district court err in granting summary judgment on Schwartz-Tallard's breach of contract claim. Schwartz-Tallard has already recovered on Wells Fargo's violation of the bankruptcy court's 2009 stay order, so that violation cannot serve as the basis for her contract claim. *See Elyousef v. O'Reilly & Ferrario, LLC*, 245 P.3d 547, 549 (Nev. 2010) (per curiam) ("[S]atisfaction of the plaintiff's damages for an injury bars further recovery for that injury."). And by not making her mortgage payments since 2009, Schwartz-Tallard materially breached the Deed of Trust. That breach excused Defendants from further performance. *See Young Elec. Sign Co. v. Fohrman*, 466 P.2d 846, 847 (Nev.

2

1970) ("The lessee's material breach in failing to pay rent excused further performance by the lessor.").

Finally, the district court correctly granted summary judgment on Schwartz-Tallard's intentional infliction of emotional distress claim. Wells Fargo's violation of the bankruptcy stay in 2009 and Defendants' attempts to evict Schwartz-Tallard in 2013 and 2014 cannot support her claim because each of these events occurred more than two years before Schwartz-Tallard filed her complaint. *See* Nev. Rev. Stat. § 11.190(4)(e) (personal injury claims must be brought within two years).

Schwartz-Tallard's remaining allegations are insufficient on the merits. In addition to the bankruptcy stay violation and Defendants' attempts to evict her, Schwartz-Tallard alleged that Defendants sent her monthly statements and made "monthly threats of foreclosure and/or eviction" through letters and phone calls. And she claimed that an individual purporting to represent Wells Fargo took pictures of the property in May 2016. Yet this conduct was not "extreme and outrageous." *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981).

In fact, we agree with the district court's assessment that Defendants' actions after August 1, 2015 were "nothing more than understandable attempts to enforce [their] secured debt interest." Regular attempts by a bank to recover monies due to it on a mortgage received for cash loaned to a borrower are not, under applicable Nevada law, intentional infliction of emotional distress. *See, e.g.*,

3

*Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971–72 (9th Cir. 2017) (holding that, under Nevada law, "threaten[ing] to foreclose on a property without authority to do so" and "delay[ing] the recission of a previously-recorded notice of default" did not constitute intentional infliction of emotional distress).

**AFFIRMED.**