## HALL *v.* HARREL.

### Opinion delivered November 11, 1918.

1. TRIAL—REQUEST FOR DIRECTION OF VERDICT—EFFECT.—Where both sides asked a peremptory instruction without asking for a submission of the issue to the jury, the only question on appeal is whether the evidence is legally sufficient to sustain the court's finding in favor of the plaintiffs.

2. EVIDENCE—STATEMENTS OF THIRD PERSONS.—Statements made by third persons in plaintiffs' absence are inadmissible against plaintiffs.

3. LANDLORD AND TENANT—RIGHT OF ACTION.—Where a landlord's right of action is based upon the wrongful act of the tenant in holding the premises after the expiration of the lease, the landlord is entitled to bring an action of unlawful detainer, even though he is under contract to deliver possession to a new tenant.

4. CONTINUANCE—DILIGENCE.—A continuance to procure the attendance of witnesses residing in an adjacent county was properly denied where no process had been served on them in that county.

Appeal from Lafayette Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*D. L. King,* for appellant.

1. The court abused its discretion in refusing a continuance.

2. This is a possessory action; the right of ownership is not involved. It was error to place the burden of proof on appellant. The relation of landlord and tenant must exist. 128 Ark. 277. On the proof appellant was entitled to the possession. It was error to instruct for appellees. The court erred in refusing to allow Bob Hall and Gladney and Maryman to testify.

McCULLOCH, C. J. Appellees instituted this action of unlawful detainer against appellant to recover possession of certain real estate in Lafayette County which appellees had rented to J. C. Cook and W. B. Center, and which appellant had subrented from Cook and Center. It is alleged in the complaint that appellant was wrongfully holding possession of the premises after the expiration of the lease under the contract between appellees and Cook and Center. Appellant denied that the lease had expired and alleged that on the contrary the premises

were leased for the year 1918, during which period he was holding over. There was a trial of the issue before a jury, and after all the testimony was introduced each side asked for a peremptory instruction, and the court gave an instruction in favor of appellees.

Both sides having asked a peremptory instruction, without asking for a submission of the issue to the jury, the only question is whether the evidence is legally sufficient to sustain the finding in favor of appellees. *St. Louis Southwestern Ry. Co.* v. *Mulkey*, 100 Ark. 71.

According to the testimony adduced by appellees, the premises were rented to Cook and Center first for the year 1916, and then for the year 1917, the annual rental price for each year being the sum of $150. Mr. Harrel, one of the appellees, testified that he made a separate contract for each year, and that the last term of renting expired with the year 1917. He testified that he did not rent the place to Cook and Center for the year 1918, and that immediately after the expiration of the year 1917 he notified appellant by letter to vacate the premises. Notice was served on appellant as a preliminary to this action on January 17, 1918. The testimony was, therefore, sufficient to warrant the finding that the lease expired at the end of the year 1917, and that appellant was wrongfully holding possession of the premises after the expiration of the lease.

Appellant testified that he subrented the premises from Cook and Center for the rental price of $200 per annum, and that he paid to appellee Harrel the rental price of $150 for the year 1917 as per the contract between appellees and Cook and Center. He offered to prove by his own testimony and by the testimony of another witness what Cook and Center had told him about the terms of the contract between them and appellees, but the court refused to allow that testimony to be introduced. The court was clearly correct, for it was not competent to prove statements made by Cook and Center in the absence of appellees.

It appears from the testimony adduced that appellees rented the premises for the year 1918 to one Maryman and took his note for the rental price, but that possession was not delivered to Maryman prior to the commencement of this action for the reason that appellant was wrongfully in possession. Appellant contends that the execution of the rental contract between appellees and Maryman deprived appellees of the right of possession for the period specified in the contract, and for that reason they were not entitled to recover possession in this action. The contention is not sound for the reason that appellees were the owners of the premises, and had a right of action against the tenant who was wrongfully holding over after the expiration of the former lease, and their right of action is not barred by reason of an outstanding executory contract for the lease of the premises to another person. The right of action of appellees as landlords was based upon the wrongful act of appellant as tenant in holding the premises after the expiration of the lease, and appellees are entitled to maintain the action to recover the possession, even though they are under contract to deliver possession to the new tenant.

Finally, it is insisted that the court erred in refusing to grant a continuance in order to give appellant an opportunity to procure the attendance of Cook and Center at the trial. The case was tried in the Lafayette Circuit Court and the absent witnesses, Cook and Center, lived in Miller County. Appellant asked for a subpoena to Lafayette County, but did not ask the clerk to issue a subpoena to Miller County. One of the witnesses had been in Lewisville, the county site, the day on which the subpoena was issued, but the sheriff was unable to find him, and, at appellant's request, called the witness by telephone at his home in Miller County and notified him to attend the trial. There was not sufficient diligence shown to justify the court in postponing the trial, or, at least, we cannot say that the court abused its discretion in refusing to postpone the trial. Judgment affirmed.