No. 27,094.

LUCY M. DUTTON, *Appellee*, v. FRED L. DUTTON, *Appellant*.

SYLLABUS BY THE COURT.

1. FORCIBLE ENTRY AND DETAINER—*By Whom Maintainable—Landlord After Lease to Third Party*. Where a lessee under the terms of his lease refuses to yield possession at the end of his tenancy, an action of forcible detainer by his landlord will lie although a lease to the premises has been executed by the landlord to a third party.

2. SAME—*Evidence—Sufficiency*. In an action of forcible detainer, the evidence considered and held sufficient to support the judgment.

3. SAME—*Trial Generally*. Various alleged errors considered and held to be without substantial merit.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed February 12, 1927. Affirmed.

*Park B. Pulsifer* and *Clyde L. Short,* both of Concordia, for the appellant.
*A. M. French,* of Concordia, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one of forcible detainer. Plaintiff prevailed and defendant appeals.

The facts are substantially these:

Henry L. Dutton, husband of the plaintiff, owned the land in controversy, consisting of about 130 acres. The defendant, his son, was in possession under a verbal agreement by which he was to pay his father one-half of all crops raised on the premises, including one-half of the grain in bin or cribs and one-half the hay in stack. The father was to furnish half the seed wheat, pay one-half the expenses of baling the hay and one-half the cost of threshing the wheat or small grain. Possession was to be delivered on demand. Henry L. Dutton died in April, 1922, leaving a will which was duly probated, under the terms of which the plaintiff, his wife, became the owner of a life estate and entitled to the possession of the property in controversy. On August 1, 1922, a written agreement was entered into between plaintiff and defendant by which defendant leased from the plaintiff the premises for a term of twelve months. The terms of this lease were practically the same as the oral one theretofore ex-

Contracts, 13 C. J. pp. 521 n. 18, 524 n. 29, 542 n. 30, 546 n. 54. Forcible Entry and Detainer, 8 L. R. A. n. s. 426; 32 L. R. A. n. s. 51; L. R. A. 1918B, 670; 11 R. C. L. 1148. Landlord and Tenant, 35 C. J. pp. 951 n. 1, 952 n. 13, 957 n. 15, 1139 n. 7, 1141 n. 29, 1142 n. 59, 69; 36 C. J. pp. 634 n. 16, 664 n. 20.

isting between the father and son. Under the lease defendant
agreed to deliver possession of the property in August, 1923. A dis-
pute arose between the parties in August, 1923, over possession of
the farm, and in settlement of the controversy an agreement was
entered into August 11 by which it was stipulated that defendant
was to remain in possession of the premises until ten days after the
close of the spring term of school in 1924. He was to harvest the
immature crops then growing. He surrendered possession to the
plaintiff of the part of the land that was not then occupied by the
growing crops and was to pay one-half of the corn and one-half of
the hay. In April, 1924, another agreement was made by which the
defendant leased part of the premises in controversy from the first
of May, 1924, to the first of September of the same year. Before
this agreement expired and on August 25, 1924, another was made,
leasing part of the ground until the close of the school year in 1925
and part until August, 1925, and another part until the corn crop
should be picked not later than December 20, 1925, and providing
for the payment of rent and delivery of possession. Still later an-
other agreement was made covering all the ground then in posses-
sion of the defendant, until September 1, 1925. It included the usual
terms of lease between landlord and tenant. At the close of the
lease period for which defendant had leased the premises, he failed
to give possession, was served with notice to quit; did not comply;
result—this action.

The defendant contends that he held the premises in controversy
under and by virtue of a contract with his father, executed in 1910,
more than fifteen years before the bringing of this action, and that
the premises were occupied by himself and family as a homestead;
that he was in possession under an equitable claim of title which
could only be tried in an action brought originally in the district
court in which the equity of the property rights could be decided
and proper decree entered. The contention cannot be sustained.
It is clear from the record that the defendant held possession of the
premises in controversy under and by virtue of the various leases
executed first by himself and his father and later by himself and his
mother; that the original relationship of landlord and tenant ex-
isted between the father and son and later continued between the
mother and son.

Landlord and tenant is a phrase used to denote the familiar legal
relation existing between the lessor and lessee of real estate. The

relation is contractual and is constituted by a lease or agreement therefor of lands for terms of years, from year to year, for life or at will. A lessor is one who grants a lease; the lessee, he to whom a lease is made, he who holds an estate by right of lease. A tenant is one who has the temporary use and occupancy of lands or tenements which belong to another, the duration and other terms of whose occupancy are usually defined by an agreement called a lease, while the parties thereto are placed in the relation of landlord and tenant. In determining whether an instrument is a lease, or creates a relation other than that of lessor and lessee, the intention of the parties, to be ascertained from the instrument itself, will govern. The fundamental rule in the construction of agreements is to ascertain the intent of the parties, and in such construction the courts look to the language employed, the subject matter and surrounding circumstances. The construction given the contract by both parties through a long term of years is persuasive in arriving at their intention and purpose. (*Berg v. Scully,* 120 Kan. 637, 641, 245 Pac. 119.) The acts of the parties and the various agreements made between them leave no doubt that the relation, so far as the property in controversy is concerned, they intended to be that of landlord and tenant. The plaintiff was entitled to the possession of the property at the end of the tenancy and the kind of action brought was not improper. (*Flannagan v. Dickerson,* 103 Okla. 206, 229 Pac. 552; *East Park St. Corporation v. Kalliodis,* 208 N. Y. S. 42, 124 Misc. Rep., 365; *Hall v. Harrel,* 136 Ark. 329, 206 S. W. 435.)

The judgment is affirmed.