No. 38,763

HERBERT W. STEWART, *Appellant,* v. FARMERS STATE BANK, a corporation, *Appellee.*

(252 P. 2d 624)

Opinion filed January 24, 1953.

*Robert A. Reeder,* of Troy, argued the cause, and was on the briefs for the appellant.

*A. O. Delaney, Jr.,* of Troy, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the lower court sustaining defendant's motion for judgment on the pleadings.

Appellant Herbert W. Stewart (plaintiff below), will be hereinafter referred to as plaintiff, and appellee Farmers State Bank (defendant below), as the bank.

Insofar as it is necessary to determine the question involved in this appeal, the facts set forth in the pleadings may be briefly stated as follows:

Plaintiff, for over twenty years a depositor in the bank, left with the bank for safekeeping his personally owned, individual, tin lock box or metal receptacle containing corporate securities, abstracts of title, and other papers. No direct rental or charge was made by the bank for the safekeeping of this box. However, consideration therefor arose from the profit derived by the bank from the depositor doing his exclusive banking business with them. The bank did not own or maintain safe deposit boxes for rent and the factual situation does not involve the standard encased nests of key-locked safe deposit boxes owned by a bank and rented for a consideration.

The bank was entered by burglars and plaintiff's tin box and contents stolen, so that the bank was unable to deliver the box to

plaintiff upon demand. Plaintiff contends that the bank was negligent in providing an unsafe storage vault for the safekeeping of his box. Loss of the contents of the box damaged plaintiff by reason of the necessity of his purchasing new abstracts of title and indemnity bonds for the issuance of certificates in lieu of plaintiff's original corporate securities. Plaintiff's action in the lower court was brought on the theory of the existence of a bailment relationship.

The trial court on a motion for judgment on the pleadings held that plaintiff's box in question was a safe deposit box within the meaning of G. S. 1949, 9-1501 *et seq.*, and that the relationship of landlord and tenant, lessor and lessee existed between plaintiff and the bank within the meaning of the statute, whereas plaintiff's petition was drawn on the theory of the existence of the relationship of bailor and bailee, and that such a relationship did not exist.

From this ruling of the court, plaintiff appeals and assigns three separate specifications of error which resolve themselves into one basic question:

Did the plaintiff-depositor's personally owned "tin lock box" or metal receptacle, left with the bank for safekeeping and without direct money rental payment, but supported by a consideration arising from the bank's profit derived from plaintiff-depositor doing with the bank his exclusive banking business, constitute a "safe deposit box" within G. S. 1949, 9-1501 *et seq.*, governed by a landlord-tenant, lessor-lessee, relationship as established by that act, or did it constitute simply an item of bailment, governed by bailor-bailee relationship?

The 1947 legislature (Laws of 1947, ch. 102) enacted the banking code of Kansas. Article 9 of that act is entitled "Safe Deposit Box Rental." This portion of the act is now cited as G. S. 1949, 9-1501 to 9-1507, inclusive.

Section 9-1501 provides the state recognizes that the storing and safekeeping of personal property in safe deposit boxes is germaine and pertinent but not exclusive to the banking business, and that suitable laws should be enacted covering the relations resulting therefrom; that all such laws should also extend to separately incorporated safe deposit companies, inasmuch as banks are authorized by this act to incorporate and conduct, separately, their safe deposit business.

Section 9-1502 provides:

"Any bank, either national or state, or trust company or safe deposit corporation, may maintain safe deposit boxes and rent the same for a consideration.

The relationship between any such bank, trust company or safe deposit company having and maintaining safe deposit boxes for public use, and the user or users of such boxes shall be that of a landlord and tenant, respectively, in the absence of a written contract to the contrary; notwithstanding the fact that such bank, trust company or safe deposit corporation prescribes the hours of entry into its safe deposit vault, and also retains and requires the use of a preparation or guard key for the protection of itself and the user of such box. The rights, duties, powers and privileges of any such bank, trust company or safe deposit corporation in any such transaction shall be that of landlord and for all purposes the tenant or lessee shall be deemed by law to be in possession of such box and the contents thereof. The lessor shall not be charged with knowledge of the contents of any such box. The lessor may limit its liability to the lessee by provisions contained within a lease agreement, except, that the lessor shall be liable for the acts of its officers and employees for failure to exercise ordinary care."

Section 9-1506 provides that the lessor shall have a lien upon the contents of any safe deposit box for the rental thereon. If lessee shall not pay the rent within a specified time, upon proper notice being given, lessor may open the box and sell any part or all of the contents and retain from the proceeds of the sale, the rental due, and the cost of opening and repairing the box.

Section 9-1507 provides that if the lessee shall fail to surrender possession of any box within six months of the date of the termination of the lease, and the lessor after giving specified notice may open the box forcibly and remove its contents and sell any part or all of the same in the manner therein provided, and retain from the proceeds of the sale the costs of opening and repairing the box, and other amounts due lessor.

The mentioned act has no prior legislative history which may be used as a guide to assist in the interpretation of its provisions. A careful examination of this act reveals that a bank may maintain safe deposit boxes and rent the same for a consideration, and that the relationship between a bank having and maintaining safe deposit boxes for public use, and the users thereof, shall be that of landlord and tenant. The words "having and maintaining," as used in the statute, clearly denote complete ownership, or such proprietary interest on the part of the bank in and to the safe deposit box itself, as would give the bank an interest at least tantamount to that of a landlord leasing real estate. The use of the words "landlord and tenant" mean the owner and user, respectively. The phrase "landlord and tenant" is used to denote the familiar legal relationship existing between the lessor and lessee of real estate. A lessor

is one who grants a lease; the lessee, he to whom a lease is made, he who holds an estate by right of lease. A tenant is one who has the temporary use and occupancy of lands or tenements which belong to another. (*Dutton v. Dutton*, 122 Kan. 640, 253 Pac. 553.)

It is clear that the act contemplates a proprietary interest of the bank in and to the safe deposit box itself. In the instant case, the plaintiff owned the safe deposit box or receptacle, and the bank had no proprietary interest of any kind therein. Sections 9-1506 and 9-1507 both refer to rental of a safe deposit box for a consideration, and provide for a lien for rentals due and unpaid, and for retention by the bank of rentals due it from the proceeds of the sale of contents of any safe deposit box. Repeated references are made in the statute to safe deposit boxes, and that phrase, as used throughout the statute, appears to have an approved usage and appropriate meaning in law, having reference only to the standard encased nests of key-locked safe deposit boxes, or other similar types, owned by a bank or safe deposit company, and in which space is rented to a user for a consideration for the purpose of safekeeping articles, and to which access is ordinarily gained by the use of two keys, one a preparation or guard key retained by the bank or safe deposit company, and the other key retained by the individual user.

The answer to the question presented in this case resolves itself to the application of section 9-1502 to the facts heretofore set out. It will be noted that the first sentence of that act authorizes banks to maintain safe deposit boxes, and the remainder of the act applies to any such bank. To create the statutory relationship of landlord and tenant, the safe deposit boxes must be maintained by a bank, as described in the act.

In the instant case it is not contended that the bank owned or maintained the box, or that the bank maintained safe deposit boxes for rent as a part of their business. Consequently the relationship here does not fall within the meaning of landlord and tenant as provided in the statute. It, therefore, follows that the decision of the lower court must be reversed, and the case remanded for further proceedings therein.

It is so ordered.