No. 56,190

MISCO INDUSTRIES, INC., and CITY OF WICHITA, *Appellees*, v. THE
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEDGWICK;
BETTE F. McCART, REGISTER OF DEEDS OF SEDGWICK COUNTY,
KANSAS; and JERRY THRELFALL, TREASURER OF SEDGWICK COUNTY,
KANSAS, *Appellants*.

.(685 P.2d 866)

Opinion filed
July 13, 1984.

*Richard A. Euson*, assistant county counselor, argued the cause and was on the
briefs for appellants.

*Richard W. Stavely,* of Wichita, argued the cause and was on the briefs for appellee Misco Industries, Inc.

*Bernis G. Terry,* assistant county counselor and *Philip S. Harness,* county counselor, were on the brief of *amici curiae* for the Board of County Commissioners of the County of Johnson and Rubie M. Scott, Register of Deeds of Johnson County.

The opinion of the court was delivered by

LOCKETT, J.: The Sedgwick County Register of Deeds required, as a condition of filing the Notice of lease agreement, payment of the mortgage registration tax. K.S.A. 1983 Supp. 79-3102. Misco Industries, Inc. (Misco) paid the tax under protest and filed an action against the defendants, Board of Sedgwick County Commissioners (Board), for recovery thereof. The district court granted plaintiffs judgment. Defendants appeal upon an agreed statement as provided by Supreme Court Rule 3.05, 232 Kan. cvi.

December 1, 1982, the City of Wichita, Kansas (City), enacted Ordinance # 38-150 providing for the issuance of seven million dollars in industrial revenue bonds. The ordinance provided for the acquisition, purchase, construction and equipping of an office building in the City of Wichita, Kansas. The cost was to be paid from the proceeds of the industrial revenue bonds. The bonds were to be paid solely from the rental and revenue produced by the building. Payment of the bonds was secured by the real and personal property constituting the office building and the net earnings from the building. The ordinance further provided that in the event additional bonds were issued, the additional bonds were to be secured by improvements purchased or constructed from the proceeds of the bonds. The ordinance finally provided that upon full payment of all principal and interest, revenues produced by the building were to be released as security for the bonds and that the pledge of the property automatically terminated.

On December 23, 1982, the City and Misco executed a lease under the authority granted by the ordinance. Misco had previously donated the land on which the leased building was erected to the City. The lease incorporated by reference the City's ordinance and created a leasehold interest in the building subject to the terms and conditions of the lease. The lease provided Misco could exercise an option to purchase the build-

ing. If Misco executed the option, the City would sell and convey the building to Misco free and clear of all liens and encumbrances except those resulting from Misco's failure to perform under the lease.

The ordinance provided that notice of the City's interest in the lease be recorded in the office of the Sedgwick County Register of Deeds. On December 23, 1982, a document entitled "Notice" was presented for filing with the Sedgwick County Register of Deeds. The Register of Deeds, as a condition for filing, required payment of the mortgage registration tax. Misco paid the tax under protest and this action was filed in the Sedgwick County District Court.

The matter was tried to the district court. The trial court made the following conclusions of law:

"1. Revenue Bond Issues are exempt from all state taxes (except inheritance tax) including mortgage registration tax on all documents which are an integral part of the Bond Issue and which in any way affect real estate and which are entitled to record in the office of the Register of Deeds. Such documents include Notices such as the Notice here in question and Leases and Rentals which are a source of payment of the Bonds and Interest and assignments to Fiscal Agents in connection therewith.

"2. The Notice in question is not a mortgage nor a real estate contract and no mortgage registration tax is due or payable when it is filed in the office of the Register of Deeds.

"3. The Notice in question is exempt from mortgage registration tax because it is given solely for the purpose of providing notice by a purchaser of its interest in the described real estate.

"4. Plaintiff, MISCO, is entitled to be refunded $17,500.00 and interest at the rate of 10% a year from December 23, 1982, to September 6, 1983, and at the rate of 15% after September 6, 1983, to the date on which such refund is paid."

The Board appealed claiming the Notice filed by Misco was a mortgage, and therefore subject to the payment of the mortgage registration tax. K.S.A. 1983 Supp. 79-3102 provides in part:

"Before any mortgage of real property, or renewal or extension of the same shall be received and filed for record there shall be paid to the register of deeds of the county in which such property or any part thereof is situated, a registration fee of twenty-five cents (25¢) for each one hundred dollars ($100) and major fraction thereof, of the principal debt or obligation which is secured by such mortgage, and upon which no prior registration fee has been paid."

Kansas, as most other states, has a recording act which expressly embraces mortgages as well as other instruments conveying or affecting real estate. K.S.A. 58-2221 provides in part:

"Every instrument in writing that conveys real estate, any estate or interest created by an oil and gas lease, or whereby any real estate may be affected, proved or acknowledged, and certified in the manner hereinbefore prescribed, may be recorded in the office of register of deeds of the county in which such real estate is situated."

The purpose of the act is to provide a system of registration for instruments affecting the title to land. The record is kept to insure the title and its history may be preserved and protected. The statute makes readily available to the public notice of title to property or liens and adverse claims against property.

To insure that the cost of a system for recording mortgages is not borne by the public, but by those who wish the protection of notice, the legislature has required a registration fee. Before any mortgage or extension of a mortgage of rental property can be filed in the county where the property, or any part of the property, is situated a registration fee is required to be paid. There are exceptions to the payment of the registration fee contained in the statute. K.S.A. 1983 Supp. 79-3102 states in part:

"No registration fee whatsoever shall be paid, collected or required for or on any mortgage or other instrument, . . . (5) given in the form of an affidavit of equitable interest solely for the purpose of providing notification by the purchaser of real property of his or her interest therein."

We have held that the mortgage registration fee is a tax. *Missouri Pacific Railroad Co. v. Deering,* 184 Kan. 283, 286, 336 P.2d 482 (1959). The tax is imposed upon the mortgagee and not upon the mortgagor. Because the mortgage fee is in fact a tax, the exemption found in K.S.A. 1983 Supp. 79-3102 must be strictly construed against the party who claims the exemption and such party must bring himself clearly within the exemption provisions. *Meadowlark Hill, Inc. v. Kearns,* 211 Kan. 35, 505 P.2d 1127 (1973).

There are two parties to a mortgage agreement, the mortgagor and the mortgagee. The mortgagor is the one who, having all or a portion of title to property, by a written instrument, pledges that property for a particular purpose, usually as security for a debt. The mortgagee is the one that takes or receives the mortgage. If a mortgage exists, the city, as owner of the property, would be the mortgagor. The question here, then, is who is the mortgagee to whom the debt is owed? Under the facts of this case it is the holder of the industrial revenue bonds that is the mortgagee, not Misco.

Misco claims that the "Notice" of lease agreement was not a mortgage subject to the mortgage registration fee, but an affidavit of equitable interest; that the notice was filed at the request of Wichita, to inform the public that Wichita was the owner of the real property leased by Misco. It also claims such notice is exempt from the registration fee requirement under K.S.A. 1983 Supp. 79-3102 (5), which prohibits collection of the mortgage registration fee for the instruments given in the form of an affidavit solely for the purpose of providing notification of the City's interest in the property leased to Misco.

Is the "Notice" of lease filed by Misco with the Register of Deeds a mortgage of real property as defined in K.S.A. 79-3101? At common law a mortgage was described as a conditional conveyance, a qualified estate or an estate upon a condition. In Kansas the common law attributes of a mortgage have been completely set aside. A mortgage is a mere security, in the form of a conditional conveyance, creating a lien upon the property, but vesting no title and giving no right of possession whatever, either before or after a breach. A mortgage does not limit the mortgagor's right to control the real property other than that the security shall not be impaired. The owner of the real property may pass title by sale subject to the lien. *Chick et al. v. Willetts*, 2 Kan. 384 (1864). The term "mortgage of real property" is defined in K.S.A. 79-3101, in relevant part, as including:

"every instrument by which a lien is created or imposed upon real property, notwithstanding that the debt secured thereby may also be secured by a lien upon personal property."

The words "real property" and "real estate" are defined in K.S.A. 79-3101 as including "all property a conveyance or mortgage of which is entitled to record as real property or interest therein under the laws of this state." A lien is a hold or claim which one has upon the property of another as security for a debt or charge, as a tie that binds the property to a debt or claim for its satisfaction, as a right to possess and retain property until a charge attaching to it is paid or discharged, as a charge imposed upon specific property by which it is made security for the performance of an act, and as being synonymous with a charge or encumbrance upon a thing. *Assembly of God v. Sangster*, 178 Kan. 678, 680, 290 P.2d 1057 (1955).

Here the Notice filed with the Register of Deeds sets forth a

brief summary of the lease, references to the location of the complete document constituting the lease, a legal description of the property affected by the lease and specific provisions that the said property is pledged to the payment of the bonds. The Board contends that while such Notice may not take on the usual and ordinary form of a mortgage, it nevertheless constitutes a mortgage for purposes of the mortgage registration fee statutes. In determining whether an instrument is a mortgage or not, courts are guided to the substance of the transaction, not the form. The fact that an instrument is entitled Notice does not preclude it from being a mortgage. The ultimate determination in a case where it is sought to construe whether an instrument is a mortgage or not is the intention of the parties who executed the instrument.

In *Assembly of God v. Sangster,* 178 Kan. 678, this court had occasion to consider whether a certain bond resolution created a lien upon real property so as to be subject to the mortgage registration fee. The resolution provided for the issuance of bonds and for the construction and equipping of a church from the proceeds thereof. It also provided that the church could not be encumbered during the time the bonds were outstanding, and it otherwise contained the ordinary and usual provisions relating to insurance, acceleration and default. In holding that the instrument created or imposed a lien upon the real property of the church, this court held that:

"It is quite true that the instrument is not in the 'form' of a mortgage, in the usual sense of the word, but, as already stated, the form of an agreement by which security is given is unimportant if the *purpose* plainly appears, and we think there can be no doubt as to the purpose of this instrument, notwithstanding the fact that on the printed form appears the self-serving typed-in statement (Section XV) that the instrument is not intended as a mortgage on the described real property of the church." 178 Kan. at 681.

The Notice which Misco filed with the Register of Deeds refers to an additional instrument, a lease dated December 1, 1982, entered into between the City and Misco. Both the lease and the Notice are products of the ordinance enacted by the City for the issuance of the industrial revenue bonds. Although the Board found no statutory or case law supporting its position, it is the Board's position that K.S.A. 79-3101 *et seq.* imposes a duty upon each Kansas Register of Deeds to examine each document tendered for recording and determine whether the same is sub-

ject to the mortgage registration fee. Where such document tendered for recording makes reference to any other document, the Register of Deeds must examine the latter in order to determine whether the mortgage registration fee should be collected. If the law were otherwise, the enactment of K.S.A. 79-3101 *et seq.* could easily be reduced to a nullity, allowing all mortgagees to file notices of mortgage and claim that the notice itself does not constitute a mortgage. The mortgagee would under such circumstances retain the benefit of constructive notice and priority as to third persons while being relieved of the burden of paying the statutorily-imposed fee. We agree with the Board's reasoning. To do otherwise would defeat the legislative purpose of the mortgage registration statute.

Did the City and Misco create a mortgage on the property or enter into a lease agreement for the use of the property? To determine if the instrument is a mortgage, we must look to the intention of the parties or the object of the conveyance. To constitute a mortgage there must be an intent on the part of the mortgagor to pledge his land for the payment of a sum of money or the performance of some other act.

Misco and the City claim the Notice and lease instruments construed together do not create a mortgage, but a lease agreement, which is exempt from the mortgage registration tax. A lease is both an executory contract and a present conveyance. The lessor is one who grants a lease. The lessee is one to whom a lease is made. A tenant is one who has the temporary use and occupancy of the leased property belonging to another. The duration and other terms of the occupancy are usually defined by the lease agreement, while the parties are placed in the relationship of landlord and tenant.

To determine whether an instrument is a lease, or creates a relation other than that of lessor and lessee, the intention of the parties, as ascertained from the instrument itself, will govern. The fundamental rule in the construction of the agreement is to ascertain the intent of the parties, and in such construction the courts look to the language employed, the subject matter and the surrounding circumstances. *Dutton v. Dutton,* 122 Kan. 640, 253 Pac. 553 (1927).

The City and Misco entered into an agreement under a written instrument entitled "Lease Agreement." The agreement entered

into between the parties on December 1, 1982, required the City to issue taxable revenue bonds to provide funds to pay the cost of purchasing, constructing, and equipping certain industrial facilities located in the City of Wichita. Misco agreed to rent the facilities from the City until March 31, 1992. Under the agreement, Misco had an option to extend the original lease for an additional five years. Misco was given an option to purchase the leased premises from the City during the primary or extended term of the lease by paying the outstanding principal of the bonds, interest due, costs, and expenses, plus $100.00.

Under K.S.A. 79-3101 an executory contract for the sale of real estate, or a bond for a deed, where complete performance is deferred for a period of longer than 90 days from its execution, under which the grantee or vendee is entitled to the possession of such real estate, and by the terms of which the grantor holds the legal title as security for the unpaid purchase money, shall be treated, for the purpose of the mortgage registration fee, as a mortgage of real property to secure the unpaid purchase price. Were the instruments, when considered together, an executory contract for the sale of real estate or a lease agreement between the parties and a notice of the City's ownership of property?

K.S.A. 79-3101 considers an executory contract for the sale of real property as a mortgage of real property. For there to be an executory contract under the statute, the grantor must hold legal title to the property as security for the unpaid purchase price. Under an executory contract for the purchase of real estate, when the grantee or vendee completes the payments required under the contract, he obtains title to the real estate.

Under the lease agreement entered into by Misco and the City, Misco had an option to purchase the property. Unless and until Misco notified the City it intended to exercise its option, and performed certain requirements under the written agreement, the City remained the owner of the property subject to any outstanding industrial revenue bonds. An option to purchase is usually described as a contract. It is not such until accepted by the optionee. Until accepted it is only a continuing offer to sell and convey at a price and upon conditions specified. *Loose v. Brubacher*, 219 Kan. 727, 549 P.2d 991 (1976). The election to exercise an option must be made in the manner specified in the option agreement.

Where the owner of land leases it for a period of years at a stipulated rental, and the contract of lease contains a stipulation that the lessee shall have the right, during or at the expiration of the lease, to purchase the premises, if the lessee so elects, at a fixed price, there is no complete sale. The lessee does not acquire an estate in the land beyond the leasehold interest until he has elected to accept the offer and has paid or tendered the purchase price set out in the contract. Misco's agreement with the City was not an executory contract for the purchase of real estate, and therefore subject to the mortgage registration fee, but a lease agreement with an option to purchase the real estate. Misco's lease with the City containing an option to purchase was not subject to the mortgage registration fee. The district court correctly determined that the parties had not executed a mortgage subject to the mortgage registration fee.

The Board of County Commissioners of Johnson County, as *amicus curiae*, raised the question for the first time on appeal of whether the trial court had jurisdiction of the issue. All parties to the action had stipulated the district court had jurisdiction. The *amicus* claims that the Board of Tax Appeal (BOTA) was the proper forum for the appeal.

This court has the power to decide the question of jurisdiction, even though the question was not raised until the appeal. Subject matter jurisdiction is the power to decide the question and cannot be waived. *In re Miller*, 228 Kan. 606, 620 P.2d 800 (1980).

The *amicus* contends the proper procedure for protesting the issue raised by the parties must be with the BOTA. The authority for this procedure is contained in K.S.A. 1983 Supp. 79-2005. The statute deals with (1) taxes paid prior to December 20, (2) the director of property valuation, and (3) valuation or assessment of property. These are topics that concern ad valorem taxes, not mortgage registration fees.

K.S.A. 60-907(*a*) provides that an illegal tax, charge or assessment is subject to the granting of injunctive relief. We have stated in the past that the assessment of property, when done in accordance with the law, is an administrative function with which the courts will not interfere nor substitute their judgment for that of the administrative authority. However, where state and local tax officials do not perform their duties in accordance

with the law, the issue presented to the court is not the exercise of their administrative judgment, but the legality of their acts. The courts have no difficulty with their power and authority where taxing officials attempt to proceed without statutory authority or to proceed contrary to the statutes; such matters are within the province of the judiciary. *Mobil Oil Corporation v. Medcalf*, 207 Kan. 100, 483 P.2d 1111 (1971).

As recently as 1983, this court recognized that K.S.A. 79-2005 was not the exclusive means of seeking a refund from the BOTA. We recognized that K.S.A. 79-1702 could serve as a substitute for K.S.A. 79-2005. *Wirt v. Esrey,* 233 Kan. 300, 315, 662 P.2d 1238 (1983). The claim that the district court lacked jurisdiction to determine the issue is without merit.

Because we determine that the instruments entered into between Misco and the City were not subject to the payments of the mortgage registration fee, other issues raised by the parties need not be decided.

The judgment of the trial court is affirmed.

HOLMES, J., not participating.