(753 P.2d 1299)

No. 60,645

HUTCHINSON NATIONAL BANK AND TRUST COMPANY, *Appellant*, v. IDA M. BROWN, *Appellee.*

Petition for review denied June 22, 1988.

Opinion filed May 5, 1988.

*William F. Bradley, Jr.,* and *Joan M. Saylor,* of Martindell, Swearer, Cabbage, Ricksecker & Hertach, of Hutchinson, for appellant.

*Stanley R. Juhnke,* of Hutchinson, for appellee.

Before BRISCOE, P.J., RULON, J., and ROBERT L. BISHOP, District Judge, assigned.

RULON, J.: Plaintiff, Hutchinson National Bank and Trust Company, appeals from the declaratory judgment granted defendant, Ida Brown, by the Reno County District Court. The primary issue on appeal is whether a unilateral pledge of a certificate of deposit, held in joint tenancy, severs any one of the four unities required for the continued existence of a joint tenancy. We find that the unity of interest is severed and reverse.

The essential facts are not disputed by the parties. The district court summarized the facts as follows:

"On May 22, 1981, Harry Brown purchased a $15,000 certificate of deposit at the Hutchinson National Bank. It was issued, at his request, in the names of Harry and his wife, Ida, as joint tenants. On May 21, 1984, the grandson of Harry, Dale Brown, applied for a loan of $15,000 at Hutchinson National Bank. Harry was with Dale. The Bank indicated that it would need some security for such a loan, and Harry agreed to pledge the certificate of deposit. Harry and Dale both signed the note and security agreement. Harry told Ida what he had done shortly afterwards. Harry died on January 19, 1985, and the Bank paid the interest on the certificate of deposit to Ida until this case was filed. On March 27, 1986, Dale Brown filed a petition in bankruptcy. On July 11, 1986, the Bank filed this suit, asking that it be allowed to apply the $15,000 certificate of deposit against the note of Dale Brown."

The district court concluded that (1) the pledge of the certificate of deposit in joint tenancy did not sever the joint tenancy; (2)

Ida had no duty to inform the Bank that she did not consent to the pledge by Harry and was not estopped to contest the pledge; and (3) at Harry's death, the certificate of deposit passed, by operation of law, to Ida free and clear of any lien or security interest of the Hutchinson National Bank.

Judgment was entered for Ida.

This court's review of conclusions of law is unlimited. *Utility Trailers of Wichita, Inc. v. Citizens Nat'l Bank and Tr. Co.*, 11 Kan. App. 2d 421, 423, 726 P.2d 282 (1986) (citing *Baker v. R.D. Andersen Constr. Co.*, 7 Kan. App. 2d 568, 571, 644 P.2d 1354, *rev. denied* 231 Kan. 799 [1982]).

It is well settled that the creation and continued existence of a joint tenancy requires the coexistence of four unities: time, title, interest, and possession. *Neaderhiser v. State Dept. of Social & Rehab. Serv.*, 9 Kan. App. 2d 115, 117, 673 P.2d 462 (1983) (citing *Simonich, Executrix v. Wilt*, 197 Kan. 417, 421, 417 P.2d 139 [1966]).

A joint tenancy may be terminated (1) by mutual agreement of the parties; (2) by any conduct or course of dealing sufficient to indicate that all the parties have mutually treated their interests as belonging to them in common; or (3) by operation of law upon the destruction of any one or more of the necessary unities. *Carson, Executrix v. Ellis*, 186 Kan. 112, 115, 348 P.2d 807 (1960); *Federal National Mortgage Ass'n v. Elliott*, 1 Kan. App. 2d 366, 370, 566 P.2d 21 (1977). The record in the present case does not indicate that (1) Harry and Ida mutually agreed to terminate the joint tenancy or (2) they mutually engaged in any conduct or course of dealing that would indicate they both treated their interest in the CD as belonging to them in common. The question, therefore, is whether the pledge destroyed one of the four required unities.

A pledge, by definition, "is a bailment of personal property as security for a debt . . . , the property being redeemable on specified terms and subject to sale in the event of default." *Columbia Casualty Co. v. Sodini*, 159 Kan. 478, 484, 156 P.2d 524 (1945). Our Supreme Court has held that a pledge constitutes a lien on the property pledged, *Walton v. Piqua State Bank*, 204 Kan. 741, 754, 466 P.2d 316 (1970), and that a mortgage creates a lien upon real property. *Misco Industries, Inc. v. Board of*

*Sedgwick County Comm'rs,* 235 Kan. 958, 962, 685 P.2d 866 (1984).

In *Misco,* the court set forth the following definition of a lien:

"A lien is a hold or claim which one has upon the property of another as security for a debt or charge, as a tie that binds the property to a debt or claim for its satisfaction, as a right to possess and retain property until a charge attaching to it is paid or discharged, as a charge imposed upon specific property by which it is made security for the performance of an act, and as being synonymous with a charge or encumbrance upon a thing." 235 Kan. at 962 (citing *Assembly of God v. Sangster,* 178 Kan. 678, 680, 290 P.2d 1057 [1955]).

In the present case, the Bank relies heavily upon *Hall v. Hamilton,* 233 Kan. 880, 667 P.2d 350 (1983). The issue in *Hall* was whether a joint tenancy in real estate was subject to involuntary partition. The court held that one joint tenant has the right to sever his or her joint interest. Partition is one approach a cotenant may pursue to sever the joint tenancy. The court further stated:

"It is undisputed that any joint tenant may sever his or her joint tenancy interest in real property by . . . mortgaging the joint tenancy interest . . . . Once the joint tenancy interest is severed, a tenancy in common results." 233 Kan. at 885.

The Bank contends that the plain language in *Hall* requires Kansas courts to find that a pledge acts as a severence of the joint tenancy interest because there is no legal distinction in the operative effect of a mortgage or pledge (other than the type of property encumbered). We agree.

We have reviewed the cases relied upon by the district court and cited by counsel but do not find them dispositive of the narrow issue before us.

Here, the pledge by Harry was a formal act which severed the original unity of interest required for the continued existence of the joint tenancy. The lien represents a charge against the certificate of deposit to secure the repayment of the note. By virtue of Harry's unilateral pledge, Ida was deprived of her use and enjoyment of her undivided interest in the certificate of deposit.

The unilateral pledge severed the unity of interest, dissolved the joint tenancy as a matter of law, and created a tenancy in common. The severence of the joint tenancy gives rise to a

rebuttable presumption of equal ownership. *Walnut Valley State Bank v. Stovall,* 223 Kan. 459, 462, 574 P.2d 1382 (1978). Ida retains a one-half interest in the certificate of deposit unless the presumption of equal ownership is rebutted upon remand. Because remand is required, we need not reach the other issues raised by the Bank.

Reversed and remanded.