510

(794 P.2d 327)

No. 64,461

STATE OF KANSAS *ex rel.* SECRETARY OF SOCIAL AND REHABILI-TATION SERVICES, *Appellant*, v. BARBARA J. CLEAR (now Barbara Finnigan), *Appellee*.

,Opinion filed June 22, 1990.

*David N. Sutton*, of Department of Social and Rehabilitation Services, for appellant.

*Charles D. Vincent*, of Barkis and Vincent, of Paola, and *Carol R. Gilham*, of Lawrence, for appellee.

Before BRAZIL, P.J., LARSON, J., and DAVID S. KNUDSON, District Judge, assigned.

KNUDSON, J.: The Department of Social Rehabilitation Services of the State of Kansas (SRS) appeals the district court's finding that Barbara J. Clear (Finnigan) relinquished parental rights to her minor children pursuant to K.S.A. 38-125 *et seq.*, and, as a result, her obligation to pay child support terminated as a matter of law.

SRS states the issue on appeal to be whether a voluntary re-linquishment of parental rights pursuant to K.S.A. 38-125 *et seq.* relieves that parent of the obligation to pay child support. The record on appeal persuades us the more fundamental issue is whether there was a relinquishment within the statutory scheme.

We are mindful of the general rule that an appellate court will not consider on appeal an issue not raised in the trial court. *State v. Puckett*, 230 Kan. 596, 598-99, 640 P.2d 1198 (1982). But there are exceptions to this rule. First, the issue before us is one of law and thus subject to unlimited appellate review. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753

P.2d 1299, *rev. denied* 243 Kan. 778 (1988). Second, the issue before us is determinative of the case, and we must consider it to prevent a denial of fundamental rights. These reasons are within recognized exceptions to the general rule. *Johnson v. Kansas Neurological Institute*, 240 Kan. 123, 126, 727 P.2d 912 (1986).

We have also considered, after having raised this issue *sua sponte*, whether counsel for all litigants should be afforded further opportunity to brief the issue and present arguments and authorities to the appellate court. Ordinarily that is the preferred course of action. *State v. Puckett*, 230 Kan. at 601. However, we note this is a question of law implicitly raised and actually addressed by the litigants in their respective briefs. We do not believe under the circumstances of this litigation that further briefing would promote fairness or cast illumination upon the issue.

SRS contends that, while a termination of parental rights initiated by the State relieves that parent of future child support obligations, a voluntary relinquishment of parental rights pursuant to K.S.A. 38-125 *et seq.* does not terminate that parent's obligation to pay child support. Clear contends, and the trial court so held, that her voluntary relinquishment of parental rights to the four children terminated her obligation to pay child support. We conclude that, as a matter of law, there was no relinquishment pursuant to K.S.A. 38-125. We therefore reverse the trial court's decision.

K.S.A. 38-125 provides:

"Any parent or parents or person *in loco parentis* of a child may relinquish and surrender such child to the department, and *if the department shall accept said child* in writing, the department shall thereupon stand *in loco parentis* to such child and shall have and possess over such child all the rights of a natural parent or legal guardian, including the power to place such child for adoption and give consent thereto. Minority of a parent shall not invalidate such parent's relinquishment and surrender of said child." (Emphasis added.)

K.S.A. 38-126 provides:

"All relinquishments and *surrender* to the department under this act shall be in writing and executed by: (a) Both parents of the child; (b) one parent, if the other parent is deceased; (c) the mother, if the father's consent is found unnecessary under K.S.A. 38-1129; or (d) a person *in loco parentis*." (Emphasis added.)

K.S.A. 38-127 provides:

"The relinquishment provided by this act shall be signed and acknowledged before the court by the person or persons by whom it is executed and shall sufficiently identify the child or children so relinquished. It shall be the duty of the court, in all such cases of relinquishment so executed, to advise the parent or parents or other person *in loco parentis* of such children of the consequences of the act of relinquishment."

K.S.A. 38-128 provides:

"In all cases where a parent or person *in loco parentis* has relinquished and *surrendered* his child to the department pursuant to this act, and the judge before whom the relinquishment was executed shall have stated on the relinquishment document that the parent or the person *in loco parentis* had been advised by him of his rights and that the act of the parent or person *in loco parentis* was voluntary, all the rights of the parent or person *in loco parentis* shall thereupon be terminated, including the right to receive notice in a subsequent adoption proceeding involving said child." (Emphasis added.)

We discern this legislation to require not only relinquishment but also surrender. The term surrender has been defined as a "contractual act [that] occurs only through consent of both parties." Black's Law Dictionary 1295 (5th ed. 1979).

*In re A.W.*, 241 Kan. 810, 740 P.2d 82 (1987), discusses K.S.A. 38-125. Although the case did not concern the precise issue at bar, the logical conclusion to be drawn from that case is that severance under K.S.A. 38-125 *et seq.* requires not only relinquishment and surrender by the parent but acceptance of the surrender by SRS.

In *In re A.W.*, SRS appealed an order of the district court in a proceeding to sever parental rights that accepted the natural mother's voluntary relinquishment of rights to her minor child. SRS had filed a motion to terminate the natural mother's parental rights pursuant to K.S.A. 38-1581 *et seq.* On the day scheduled for trial, the mother appeared and stated that she desired to voluntarily relinquish her parental rights. After determining that the mother understood her rights, the court accepted her relinquishment and placed the child with SRS for adoptive placement. The court did not hear the State's evidence on the matter, and SRS was not a party to the action.

SRS challenged the district court's decision, contending that the relinquishment was invalid because "no finding of unfitness was made by the court nor a severance of her parental rights ordered as provided for in the Kansas code for care of children." 241 Kan. at 812. SRS was also concerned that the mother's relinquishment did not strictly comply with K.S.A. 38-127. (SRS had developed its own internal procedure to help insure that the parent's relinquishment was voluntary; SRS contended that the instigation of a termination of parental rights action rendered it impossible to "voluntarily" relinquish parental rights. 241 Kan. at 815.)

The Supreme Court rejected SRS' argument. The court concluded:

"It appears that if there had not been a motion pending to sever the mother's parental rights, a voluntary relinquishment following SRS procedures would have been acceptable. If SRS had brought its forms to court and had them executed by the parent, there would have been technical compliance with the statutes. We do not believe that a knowing and voluntary relinquishment of parental rights done in open court, with all the surrounding safeguards guaranteed by the judicial process, should be subject to *an arbitrary refusal* by SRS to accept the relinquishment. The court had jurisdiction of the parties and the subject matter and its orders do not exceed its power and authority. To force the mother in this case to a full hearing with evidence as to her inability and unfitness as a mother would have accomplished nothing more than the court did in this case. No statute, law, or common sense requires the court to perform a useless act." (Emphasis added.) 241 Kan. at 816.

The reasonable inference to be drawn from *In re A.W.* is that SRS must accept a relinquishment for the same to be given legal force and effect. Certainly in the case at bar, there is no evidentiary record or ruling by the trial court indicative of an arbitrary refusal of acceptance by SRS. To the contrary, it is apparent the trial court did not believe the acquiescence of SRS was necessary. Further proceedings should be held to resolve this fundamental issue.

Having concluded this case must be remanded, we would call to the attention of the court and counsel that a guardian ad litem was not appointed for the minor children. Although not specifically required by K.S.A. 38-125 *et seq.* in such proceedings, prudence and the court's obligation to protect the best interests

of minor children would seem to dictate the appointment of a guardian ad litem.

Reversed and remanded for further proceedings consistent with this opinion.