(848 P.2d 1010)

No. 68,034

LEA ANN MICHELS, *Appellee*, v. STEPHEN FRED WEINGARTNER, *Appellant*.

Opinion filed March 19, 1993.

*W. Irving Shaw,* of Law Offices of W. Irving Shaw, of Emporia, for appellant.

*Larry J. Putnam,* of Patton, Davis & Putnam, P.A., of Emporia, for appellee.

Before RULON, P.J., LEWIS, J., and MARION W. CHIPMAN, District Judge Retired, assigned.

RULON, J.: Stephen Weingartner, defendant, appeals a ruling of the district court that a stepparent adoption of his natural son did not cancel an arrearage of past due child support he owes to the child's mother, Lea Ann Michels, plaintiff. We affirm.

Essentially, we must decide if a birth parent, whose parental rights to a child are terminated by the adoption of that child, is relieved of the obligation to pay child support which accrued prior to the date of the adoption.

Reduced to their essence, the undisputed facts are as follows:

Plaintiff and defendant were divorced in September 1977. Defendant was ordered to pay plaintiff $150 per month in child support for their son, who was then one year old.

The record on appeal contains several motions regarding custody, visitation, and support made by plaintiff and defendant over

the ensuing years. Defendant finally stopped paying child support in 1986. This failure to pay support was one of the grounds alleged to show defendant's failure to assume parental duties in a proceeding by plaintiff's subsequent husband, Greg Michels, to adopt the child. The district court in that proceeding approved Greg's adoption of the child, finding that defendant's consent was not necessary because he had failed to assume parental responsibilities for the child for two consecutive years preceding the petition for adoption. The adoption is not challenged in this appeal.

At the time of the adoption, defendant was in arrears on his child support payments to plaintiff for $6,400. Ultimately, plaintiff appeared before the district court asking the court to rule that the adoption did not cancel this arrearage and that defendant owed plaintiff this amount. The court reasoned that a monthly child support payment becomes a judgment against the payer when due, and therefore an adoption cannot alter payments which have already accrued. The court further concluded the stepparent adoption of the child only terminated defendant's obligation of support beyond the date of adoption. Consequently, the court held that plaintiff's judgments for past due child support may be enforced.

Whether an adoption relieves the birth parent of the obligation to pay past due child support is a question of law over which this court has unlimited review. See *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

When presented with this issue, other jurisdictions have determined that the birth parent is not released from the obligation to pay support which accrued before the date of the adoption. In *Hopkins v. Yarbrough*, 168 W. Va. 480, 481, 284 S.E.2d 907 (1981), the mother and the father were divorced in 1973, with the father being ordered to pay monthly support for the two minor children. The mother remarried in 1976, and the stepfather adopted the children in 1979. The father then petitioned the court, asking to be relieved from all child support payments, including those in arrears. The trial court eventually concluded that, by the adoption, the mother forfeited her right to enforce the payments. The father "was relieved of all payments . . . 'past, present and future.'" 168 W. Va. at 481-82.

On appeal, the mother did not contend the father was obligated to make child support payments for any time period after the effective date of the adoption. She did, however, contend the father's liability for the unpaid support which accrued prior to that date could not be altered or cancelled. The West Virginia Supreme Court of Appeals first reviewed the legal effect of adoption under West Virginia statutes and the statutes of Colorado, the state where the stepfather adopted the two children. It concluded the statutes did not answer the specific question of the father's liability for child support arrearages accruing before the adoption. 168 W. Va. at 482-84.

The *Hopkins* court noted, however, that in West Virginia, child support payments vest as they accrue and concluded that a court lacks jurisdiction to modify or cancel these vested or accrued payments. The court then held the father was liable for the child support which accrued before the effective date of the adoption:

"Specifically, we hold that in the absence of fraud or other judicially cognizable and harmful circumstance in the procurement of a decree for child support, a circuit court is without authority to modify or cancel arrearages of a former husband's child support payments, which payments accrued prior to the date of the adoption of such children by the wife's subsequent husband." 168 W. Va. at 487.

See also *C. v. R.,* 169 N.J. Super. 168, 176, 404 A.2d 366 (1979) (unpaid child support payments reduced to judgment are child's vested right, so that stepparent's subsequent adoption of child does not relieve birth parent of liability for payments).

While Kansas has not yet faced this precise issue, our Supreme Court has considered a closely related issue. In *State ex rel. Secretary of SRS v. Clear,* 248 Kan. 109, 110, 804 P.2d 961 (1991), the issue before our Supreme Court was whether a parent's voluntary relinquishment of parental rights terminates the parent's obligation to pay child support as a matter of law. Barbara Clear was awarded custody of her four minor children when she and the children's father were divorced in 1978. In the fall of 1986, Barbara's mother received custody of the children after they were determined to be children in need of care. The grandmother then received AFDC payments for the support of the children. 248 Kan. at 111.

In January 1989, the Department of Social and Rehabilitation Services (SRS) filed a motion pursuant to its statutory authority to seek reimbursement from Barbara for the AFDC payments made to her mother on behalf of the children since 1986. At the April 11, 1989, hearing, the district court found that Barbara had a common-law duty to support her children and owed SRS for the unreimbursed assistance paid to her mother since 1986 for the support of the children. 248 Kan. at 111.

At the same hearing, Barbara voluntarily relinquished her parental rights to the children. After accepting this relinquishment, the court then found that Barbara "was not liable to reimburse SRS for any assistance expended on the children after the relinquishment." 248 Kan. at 111-12.

SRS appealed, arguing a voluntary relinquishment does not relieve the parent of the obligation to reimburse SRS for assistance provided on the child's behalf until the child is adopted and SRS is relieved of its obligation to support the child. In resolving the issue, the *Clear* court quoted and discussed Kansas statutory and case law, as well as cases from other jurisdictions and then delineated the three statutory methods in Kansas for the termination of parental rights: adoption, termination of rights, and relinquishment of rights. Regarding adoption, the court stated:

"Our adoption statutes contemplate a complete severance of the child's ties and relationship with his or her natural parents. The natural parent is relieved of all duties and obligations to the child. The effect of a decree of adoption is to confer a legal status of parent and child upon adoptive parents and adopted children, including the legal consequences, obligations, and incidents that arise out of the status of parent of the child. K.S.A. 59-2103 [now K.S.A. 1992 Supp. 59-2118]." 248 Kan. at 116.

Concluding its opinion, the court then stated:

"A person who has relinquished parental rights through adoption, a voluntary termination of parental rights, or an involuntary severance of parental rights is no longer a parent. These statutory procedures contemplate a complete severance of the child's ties and relationship with his or her natural parents. The parent whose rights have been severed is relieved of all duties and obligations to the child.

"The effect of a voluntary termination is to confer upon SRS the legal consequences, obligations, and incidents that arise out of the status of parent of the child. Clear is no longer a parent and is not liable under K.S.A. 1989 Supp. 39-718b to repay SRS for *any* services or assistance expended on the children's behalf." 248 Kan. at 117. (Emphasis added.)

The judgment of the district court was then affirmed.

As in West Virginia, child support payments in Kansas vest as they accrue because they become final judgments on the dates they become due and unpaid. *Brieger v. Brieger,* 197 Kan. 756, Syl. ¶ 2, 421 P.2d 1 (1966). We believe the reasoning of the West Virginia case and any like decisions is persuasive.

As an aside, defendant's argument that plaintiff is estopped from seeking the past due child support is ineffectual. While defendant's failure to pay child support was alleged in the petition for adoption as a ground showing defendant's consent was unnecessary, seven other grounds were also alleged to demonstrate defendant's failure to assume parental duties for two consecutive years preceding the adoption petition. When the district court found defendant's consent unnecessary due to failure to assume parental duties for two years, the court did not rest this finding on any specific allegation in the petition. Thus, the finding that defendant's consent was unnecessary does not negate plaintiff's attempt to collect the unpaid child support. Plaintiff is not estopped from seeking the past due payments.

Affirmed.