The Honorable Clyde Graeber State Representative, Forty-First District 2400 Kingman Leavenworth, Kansas 66048-4230
Dear Representative Graeber:
On behalf of the register of deeds for Leavenworth county, you request our opinion regarding application of the mortgage registration fee statutes in the following situation:
 "Our register of deeds is receiving mortgages for recording by Bank A. Bank A assigns that mortgage out immediately to Bank B and is paid in full for the debt. Later on the borrower will return to Bank A for an additional loan or refinancing of the original debt and Bank A records that refinanced mortgage again intending to assign it to Bank B claiming an exemption for mortgage tax because Bank B is Bank A's parent company."
The exemption claimed by Bank A is K.S.A. 1992 Supp. 79-3102(d)(3) which provides:
 "No registration fee whatsoever shall be paid, collected or required for or on: . . . any mortgage or other instrument upon that portion of the consideration stated in the mortgage tendered for filing which is verified by affidavit to be principal indebtedness covered or included in a previously recorded mortgage or other instrument with the same lender or their assigns upon which the registration fee herein provided for has been paid; . . . ."
While the various predecessor versions of the exemption provisions of K.S.A. 79-3102 have been the subject of several Kansas Supreme Court decisions, the current version of K.S.A. 1992 Supp. 79-3102(d)(3), enacted by L. 1985, ch. 322, sec. 1, has not been addressed by the appellate courts. The Court has, however, consistently construed the various exemption provisions strictly against the party claiming exemption, taxation being the rule and exemption the exception. MiscoIndustries, Inc. v. Board of Sedgwick County Commissioners, 235 Kan. 958,961 (1984); Meadowlark Hill, Inc. v. Kearns, 211 Kan. 35, 41 (1973);Assembly of God v. Sangster, 178 Kan. 678, 680 (1955); First Nat'l Bankv. Lovitt, 158 Kan. 535, 540 (1944); In re Matter of the Appeal of BruceMcKee, ___ Kan. App. 2d ___, case no. 69,253 (Nov. 5, 1993). Mid-Centralv. Board of Tax Appeals, 13 Kan. App. 2d 509, 517 (1989). Pursuant to this rule, the one claiming the exemption has the burden of bringing himself clearly within the exemption and all doubts concerning exemption must be resolved against the exemption in favor of taxation. Misco,supra; Meadowlark, supra; McKee, supra; Mid-Central, supra.
The exemption in question applies only when an affidavit is filed verifying that the mortgage presented secures principal indebtedness covered by a previously recorded mortgage upon which the registration fee has been paid. Additionally, both mortgages must be given by the same lender or the lender's assigns. In the example you provide, both mortgages were originally entered into by the same lender, Bank A. Further, both mortgages were assigned to and are now held by the same assignee, Bank B. However, Bank B held the original mortgage pursuant to the assignment at the time Bank A entered into the second mortgage agreement. While it is not evident from the documents and information you have presented, we presume that the proceeds of the note secured by the second mortgage were used to satisfy the original mortgage and the debt it secured, and that Bank B did not reassign the original mortgage to Bank A before the second mortgage agreement was entered into. [We note that an assignment is valid between the parties thereto even though it is not recorded (see Attorney General opinion No. 87-162), so the register may not necessarily know whether the mortgage has been reassigned.] We also assume that the assignments were made pursuant to the provisions of K.S.A. 58-2318 et seq.
In Attorney General Opinion No. 93-82 this office concluded that "if in `refinancing' a debt that it has previously assigned, along with the mortgage, to another entity, the mortgagee settles or satisfies the assigned debt, mortgage registration fees would be due upon filing the new mortgage of record." We affirm that opinion. K.S.A. 58-2323
provides that "the assignment of any mortgage as herein provided shall carry with it the debt thereby secured." Thus, if the mortgage was properly assigned, the debt it secures was assigned as well. Further, "[i]f the facts and circumstances attending the transaction indicate that the subsequent mortgage is given and received as a full settlement and payment of the earlier mortgage, effect will be given to such intention." 55 Am.Jur.2d Mortgages sec. 1350 (1971). But, "[w]hether a promissory note was given pursuant to an express agreement to compromise, settle and satisfy a pre-existing debt, or merely given to extend the time for payment is a question of fact for determination from the evidence submitted." Potwin State Bank v. Ward, 183 Kan. 475, 482 (1958). It appears to us that if a debt has been assigned from Bank A to Bank B, then a new note given by Bank A and used to pay off Bank B (even though the new note and mortgage securing it are also subsequently assigned to Bank B) represents a new debt and therefore the first requirement for exemption under K.S.A. 1992 Supp. 79-3102(d)(3) is not met; the second mortgage does not secure the same debt as the first. Had Bank A assigned the mortgage and debt to Bank B and Bank B had then renewed the loan, the second note/mortgage would not supercede the first and thus there would not have been two debts existing simultaneously. In that case the first test would have been met. Further, since Bank B is the assignee of the original mortgage, the second test would have been met; both mortgages are given by the same lender or their assigns. Similarly, if Bank B had reassigned the mortgage and the debt to Bank A before Bank A entered a second mortgage agreement renewing the loan, the loan would not supersede the first and there would not be two coexisting debts.
In each of the cases where the Kansas Supreme Court has held that a second note does not supersede the first but is merely a renewal or extension of the first, the facts involved the same lender holding the first mortgage as entered into the second. See Potwin State Bank v.Ward, 183 Kan. 475 (1958), Fourth National Bank v. Hill, 181 Kan. 683
(1957) and cases cited therein. We have found no authority for the proposition that the second note/mortgage merely renews the first and therefore represents and secures the same debt as the first when the second note and mortgage are executed by a lender other than the one which holds the first.
We are aware of two recent orders of the board of tax appeals that disagree with our position in this opinion and Attorney General Opinion No. 93-82. In re Pool, docket no. 93-3815PR (Nov. 17, 1993); In reGriffith, docket no. 93-1117-PR (Nov. 17, 1993). In both instances, we essentially agree with the dissenting opinion. Aside from the error made by the majority throughout both orders that the mortgagor is the taxpayer [see e.g. Misco, supra at 961; Missouri Pacific Railroad Co. v. Deering, 184 kan. 283, 287 (1959); Sangster, supra at 682], we simply disagree with its characterization of the second mortgage covering the same indebtedness as the first for the reasons stated above.
You question whether the fact that Bank B is the parent corporation of Bank A changes the outcome. The courts have consistently held that "[a] holding or parent company has a separate corporate existence and is treated separately from its subsidiary in the absence of circumstances justifying disregard of the corporate entity." Quarles v. FuquaIndustries, Inc., 504 F.2d 1358, 1362 (10th Cir. 1974); Service IronFoundry, Inc. v. M.A. Bell Co., 2 Kan. App. 2d 662, 673 (1978). Thus, unless there is some reason for piercing the corporate veil, there is no basis for reaching a different conclusion on the mortgage registration tax exemption of K.S.A. 1992 Supp. 79-3102(d)(3) simply because the original mortgage has been assigned to and is held by the parent company when the subsidiary enters into the second mortgage agreement. The exemption of K.S.A. 1992 Supp. 79-3102(d)(4) would come into play, however, when a mortgage, assigned or otherwise changed by reason of "any corporation, by merger or consolidation with a domestic corporation as survivor, or by other means, where the original secured transaction, for which the registration fee has once been paid, is thereby continued or otherwise acknowledged or validated."
In conclusion, if in "refinancing" a debt that it has previously assigned, along with the mortgage, to another entity, the mortgagee settles or satisfies the assigned debt, mortgage registration fees would be due upon filing the "new" mortgage of record. The result is the same even if the assignee of the original debt is the parent corporation of the assignor.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm